PETER CONRAD, administrator, *vs.* GREGORY MAZMAN.

Middlesex.    May 17, 1933. — June 28, 1934.

Present: PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory, Violation of statute. *Minor. Evidence*, Presumptions and burden of proof. *Practice, Civil*, Conduct of trial: judge's charge, requests, rulings and instructions; Exceptions: form.

At the trial of an action of tort by an administrator against the owner of a motor truck for the causing, through negligence of the operator of the truck, of conscious suffering and the death of a girl sixteen years of age, there was evidence that the truck ran into the girl as she was crossing from the operator's left a well lighted public street in a thickly settled district at about 6:30 in the evening of a day late in November; that the collision occurred at about the middle of the street, which was twenty-nine feet wide; that no vehicles were parked on the left side of the street; that the truck had been stopped at a traffic

light about three or four hundred feet from the point of collision and, after it again had started, its speed had been increased until it was travelling at the rate of fifteen or twenty miles per hour; and that about forty feet from the point of collision the operator saw two children leaving the sidewalk at his right, blew his horn, turned the truck a little to the left and watched them until they went back to the sidewalk, when he looked in front of him and saw the girl a few feet away. *Held,* that

(1) A finding was warranted that, if he had been in the exercise of due care, the operator would have seen the girl in time to avoid running her down, and that his failure to do so was causally related to the accident;

(2) The jury were not required by the evidence to accept as an explanation of the accident that the girl came suddenly into the path of the truck in such circumstances that her presence could not reasonably have been foreseen by the operator or that she could have been seen by him only for an instant before she was struck;

(3) The circumstances of the accident were not so wholly unexplained by the evidence that it could be said that there was not proof sufficient to sustain a finding that the operator was negligent.

At the trial above described, all the facts bearing on the care or lack of care of the girl were not presented by the evidence, and it was *held,* that

(1) The girl's presence in the street in the circumstances shown did not require a finding that she did not look to see whether a motor vehicle was approaching or that she looked carelessly;

(2) The burden being on the defendant to prove contributory negligence of the girl, it could not properly have been ruled as a matter of law, in the circumstances, that a finding of that fact was required.

At the trial of the action above described, there was no evidence that the defendant's truck was operated at a speed exceeding fifteen miles per hour for a distance of an eighth of a mile, and it was error, prejudicial to the defendant, for the judge, under G. L. c. 90, § 17, in force at the time the plaintiff was struck, to instruct the jury that it was "*prima facie* evidence of a rate of speed greater than was reasonable and proper if a car was operated in a thickly settled or business district at a rate of speed exceeding fifteen miles per hour for a distance of an eighth of a mile."

At the trial above described, it was proper for the judge, in the circumstances, to refuse to instruct the jury that there was "no evidence that the defendant's car was operated at an excessive speed at the time of the accident."

The provision of G. L. (Ter. Ed.) c. 149, § 62, that no "person shall employ a minor under eighteen or permit him to work . . . in operating motor vehicles of any description," is not for the protection of travellers on public ways, but is for the protection of minors against employment in occupations "dangerous" or "injurious to the health or morals" of such minors; and therefore it was error, prejudicial to the defendant, for the judge presiding at the trial of the action above described, where it appeared that the operator of the defendant's truck

was only seventeen years of age, to instruct the jury in substance that, if they found that the operator "was not a proper person to operate the car, that he was not thoroughly skilled and that that was due to his age and that his employer because of his age should have known that he was not competent to drive a motor vehicle," then they might "employ that statute as dealing with the question of whether or not the defendant himself was negligent in hiring him and there must be . . . a causal connection between the two and there must be negligence in the way the car was operated by the boy. The hiring would only be one piece of evidence and not conclusive": a violation of the statute did not affect the defendant's liability to the plaintiff, whose action was based upon the injury and death of a person not within the scope of its protection, and the jury should not have been allowed to consider it as doing so.

Exceptions presented to this court by the defendant after a verdict for the plaintiff at the trial above described could not be said to be "frivolous and intended for delay."

In the circumstances, a denial of a motion to dismiss a bill of exceptions on the ground that the exceptions were not reduced to writing in a summary manner as required by G. L. (Ter. Ed.) c. 231, § 113, and by Rule 73 of the Superior Court (1932), was proper where it appeared that that portion of the bill which described the evidence at the trial covered thirteen pages of the printed record, seven and one half pages of which were in the form of questions and answers and that there was some reason for thus using the question and answer form.

TORT. Writ dated March 20, 1930.

In the Superior Court, the action was tried before *Gibbs*, J. Material evidence and rulings and instructions by the judge are described in the opinion. Verdicts for the plaintiff on two counts of the declaration aggregated the sum of $8,000.

Exceptions saved by the parties are described in the opinion.

That portion of the defendant's bill of exceptions which described the evidence at the trial filled thirteen pages, of which seven and one half pages were in the form of questions and answers.

*F. J. Carney*, (*W. J. Killion* with him,) for the defendant.

*C. F. Gadsby*, for the plaintiff.

FIELD, J. This is an action of tort. The declaration is in two counts, one for the death and the other for the conscious suffering of the plaintiff's intestate, who was run down by the

defendant's motor truck while crossing a street in Cambridge. The defendant's motion for a directed verdict was denied and there was a verdict for the plaintiff on both counts. The case comes before us on the defendant's exceptions to the denial of his motion for a directed verdict, to the refusal of the judge to instruct the jury as requested and to certain portions of the charge, and on the plaintiff's exceptions to the denial of his motion to dismiss the defendant's bill of exceptions and to the refusal of the judge to rule as requested.

First. The defendant's motion for a directed verdict was denied rightly.

There was evidence that the defendant's motor truck, while being operated by an employee of the defendant on a street in Cambridge which was slightly down grade and twenty-nine feet wide from curb to curb, on November 27, 1929, between 6:30 and 6:40 P.M., struck and killed the plaintiff's intestate, a girl sixteen years old, in the street as she was crossing it diagonally from the left to the right of the course of the truck.

1. The evidence warranted a finding that the operator of the truck was negligent.

There was evidence that the truck had stopped at a traffic light about three or four hundred feet before it reached the place of the accident — and no evidence to the contrary — that after it started its speed continued to increase until it was travelling fifteen or twenty miles an hour, and that the district was thickly settled.

The operator testified that the girl was two feet from him before he saw her, that "he could see her body from her waist up," that he did not notice whether she was walking or running, that when he first saw her she was ten to twelve feet from the right of the curb — a little to the right of the middle of the street — and about eight feet from a parked automobile on the left of the street, that on seeing her he put on his brakes and turned to the left to avoid striking her because he thought that he could not pass between her and the curb at the right, that the girl was struck by the middle or right of the front of the truck and was thrown four or five feet, that the truck stopped about two feet after striking her,

and that he later backed it to the left side of the street. He "didn't notice whether or not there were any other machines at that time coming in the opposite direction." The operator's brother, riding with him on the seat of the truck, testified that he saw the girl when she was three or four feet away, that the truck did not run over her, and that her body was about five or six feet ahead of the truck when it stopped.

There was testimony that after the accident the body of the girl was about in the middle of the street, that the accident took place about opposite a tree which jutted out twenty-two inches from the sidewalk into the gutter, that there were three or four automobiles parked at the left of the street, that the left side of one of them, which was in front of the tree, was ten feet from the curb, that the girl came from the "direction from behind" that automobile, and that the other automobiles were parked both in back and in front of that automobile. But it could have been found on other testimony that no motor vehicles — except the defendant's truck after the accident — were parked at the left of the street. It could have been found that the street was well lighted at the place of the accident, and that the lights of the truck were on at the time.

There was testimony that when about forty feet back of the place of the accident the operator saw two children leaving the sidewalk at the right, blew his horn, turned the truck a little to the left and watched them until they went back to the sidewalk, when he looked in front of him and saw the girl.

The jury could have inferred that the truck was well under the control of the operator when he saw the girl and that if his attention had not been diverted from the street in front of him he could have seen her soon enough to avoid striking her, and they could have disbelieved the testimony as to the reason for the diversion of his attention or found that if such diversion was necessary the operator was careless in maintaining or increasing speed while his attention was so diverted. They could have found that in the exercise of due care the operator should have seen the girl in time to avoid running her down, and that his failure to do

so was causally related to the accident. See *Mulroy* v. *Marinakis*, 271 Mass. 421, 424; *Boni* v. *Goldstein*, 276 Mass. 372, 375. They were not required by the evidence to accept as the explanation of the accident that the girl came suddenly into the path of the truck in such circumstances that her presence could not reasonably be foreseen by the operator or that she could have been seen by him only for an instant. Compare *Lovett* v. *Scott*, 232 Mass. 541; *Rizzittelli* v. *Vestine*, 246 Mass. 391. Nor were the circumstances of the accident so wholly unexplained by the evidence as to leave the case barren of proof sufficient to sustain a verdict for the plaintiff. Compare *Nager* v. *Reid*, 240 Mass. 211.

2. It could not have been ruled as matter of law that the negligence of the plaintiff's intestate contributed to the accident. The burden of proof was on the defendant. G. L. (Ter. Ed.) c. 231, § 85. All the facts bearing on the care or lack of care of the girl were not presented by the evidence. Her presence in the street in the circumstances shown did not require a finding that she did not look to see whether a motor vehicle was approaching or that she looked carelessly. There is no evidence binding on the plaintiff, or on which he must rely for recovery, which is inconsistent as matter of law with the girl's having looked carefully or thought reasonably that she could cross the street in safety, relying, as to some extent she was entitled to do, upon the operator of the truck using reasonable care to avoid running her down. *Mulroy* v. *Marinakis*, 271 Mass. 421, 423–424, and cases cited. *Griffin* v. *Feeney*, 279 Mass. 602. *Sooserian* v. *Clark*, *ante*, 65.

Second. There was reversible error in the judge's charge.

1. The judge instructed the jury that it was "*prima facie* evidence of a rate of speed greater than was reasonable and proper if a car was operated in a thickly settled or business district at a rate of speed exceeding fifteen miles per hour for a distance of an eighth of a mile," (see G. L. c. 90, § 17, since amended by St. 1931, c. 201; see also G. L. [Ter. Ed.] c. 90, § 17) and, subject to the defendant's exception, that

it was for them "to say whether there is any evidence here before . . . [them] that this car was operated at such a rate of speed for the distance of an eighth of a mile." There was no evidence that the truck was operated at such a rate of speed for a distance of an eighth of a mile. The charge in this respect, therefore, was erroneous and prejudicial to the defendant. *London* v. *Bay State Street Railway*, 231 Mass. 480, 486. *Walsh* v. *Gillis*, 276 Mass. 93, 97. The judge, however, properly refused to instruct the jury as requested by the defendant that there was "no evidence that the defendant's car was operated at an excessive speed at the time of the accident," because, if for no other reason, the speed might have been found to be excessive in view of the testimony that the operator's attention was diverted from the street in front of the truck.

2. There was evidence that the operator employed by the defendant was seventeen years old at the time of the accident. G. L. (Ter. Ed.) c. 149, § 62, provides in part that no "person shall employ a minor under eighteen or permit him to work . . . in operating motor vehicles of any description," or in various other occupations, and a penalty for violation is prescribed in § 78. The judge, subject to the defendant's exception, instructed the jury in respect to this operator as follows: "So the mere fact of his employment, unless it is connected up with some negligence on his part, cannot have any bearing against this defendant, but if you find that the boy was not a proper person to operate the car, that he was not thoroughly skilled and that that was due to his age and that his employer because of his age should have known that he was not competent to drive a motor vehicle, then you might employ that statute as dealing with the question of whether or not the defendant himself was negligent in hiring him and there must be . . . a causal connection between the two and there must be negligence in the way the car was operated by the boy. The hiring would only be one piece of evidence and not conclusive."

This portion of the charge was erroneous and prejudicial to the defendant. Apart from statute the liability of an employer for the negligence of an employee in circumstances

such as are disclosed by the evidence is determined solely by the conduct of the employee at the time of the accident, and evidence that he is competent or incompetent is immaterial on the issue of his negligence or with respect to the employer's liability. *Lang* v. *Boston Elevated Railway*, 211 Mass. 492, 493. *Polmatier* v. *Newbury*, 231 Mass. 307, 309. *Kenyon* v. *Hathaway*, 274 Mass. 47, 51–52. Whether the rule is changed by a criminal statute depends upon the nature of the statute. A violation of such a statute "is not even evidence of negligence, except in reference to matters to which the statute relates." "We are to consider the specific thing at which the statute is aimed, and the immediate effect that it was intended directly and proximately to accomplish by its command or prohibition." *Bourne* v. *Whitman*, 209 Mass. 155, 167, 170. Violation of such a statute, however, may create liability to a person within the scope of its protection to whose injury such violation contributes. Thus in *Gordon* v. *Bedard*, 265 Mass. 408, where the operator of a motor vehicle was not the agent of the owner, it was held that the owner's violation of the statute prohibiting the person in control of a motor vehicle from allowing an unlicensed person to operate it (see G. L. [Ter. Ed.] c. 90, § 12) was evidence of negligence of the owner which might be found to have contributed to an accident resulting from the negligence of the operator so as to render the owner liable to a person sustaining injuries. But this provision, like the provision prohibiting the operation of a motor vehicle by an unlicensed person (G. L. c. 90, § 10, as amended by St. 1929, c. 262, [see G. L. (Ter. Ed.) c. 90, § 10]), is for the protection of travellers. *Bourne* v. *Whitman*, 209 Mass. 155, 171. *Gordon* v. *Bedard*, 265 Mass. 408, 412. On the other hand, the statute now in question is part of a general statutory plan for the protection of minors against employment in occupations "dangerous" or "injurious to the health or morals" of such minors. See G. L. (Ter. Ed.) c. 149, § 63; *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489; *Pierce's Case*, 267 Mass. 208, 212. (The statute differs from that considered in *Moran* v. *Dickinson*, 204 Mass. 559.) It is not for the protection of travellers, who

are protected against incompetency of operators of motor vehicles because of want of maturity by the provision that a license to operate motor vehicles shall not "be issued to any person under sixteen years of age." G. L. (Ter. Ed.) c. 90, § 8. A violation of G. L. (Ter. Ed.) c. 149, § 62, by the defendant, therefore, did not affect his liability to this plaintiff whose action is based upon the injury and death of a person not within the scope of its protection, and the jury should not have been allowed to consider it as doing so.

It follows from what has been said that the instruction, requested by the defendant, that the "violation of G. L. c. 149, § 62, if any there were, cannot be considered as evidence of the negligent operation of the defendant's car at the time of the accident," stated the law correctly. Whether it would have been error to make no reference to the subject in the charge need not be decided since these exceptions must be sustained because of the erroneous reference. For a similar reason it is unnecessary to discuss the requested instruction that there "is no evidence of the violation of G. L. c. 149, § 62, on the part of the defendant."

3. There was no error in refusing to instruct the jury in accordance with the requests of the defendant not already referred to, since each of them related to a fragment only of the evidence bearing upon a particular issue with which the judge was not required to deal specifically. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, and cases cited.

Third. There was no error in the denial of the plaintiff's motion to dismiss the defendant's bill of exceptions or in the refusal to rule as requested by the plaintiff.

The plaintiff's motion to dismiss the defendant's bill of exceptions was based on the grounds that the exceptions are "frivolous and intended for delay" (see G. L. [Ter. Ed.] c. 231, § 116), and that they were not "reduced to writing in a summary manner." See G. L. (Ter. Ed.) c. 231, § 113; Rule 73 of the Superior Court (1932). And the rulings requested by him and refused by the judge bore upon these grounds only. It is obvious from the manner in which we have dealt with the defendant's exceptions that they were not "frivolous and intended for delay." Perhaps

these exceptions might have been stated in a somewhat more summary manner, but the nature of parts of the testimony shows some reason for stating those parts in the form of questions and answers and we cannot pronounce wrong the action of the judge in reference to this matter. Compare *Taylor* v. *Pierce Brothers, Ltd.* 219 Mass. 187, and cases cited.

The plaintiff's exceptions must be overruled and the defendant's exceptions sustained.

*So ordered.*