RAMONI CONTE *vs.* GUY MIZZONI.

Suffolk.  October 6, 1937. — November 29, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Motor vehicle, In use of way.

A finding of negligence of the driver of an automobile would not have been warranted by evidence merely that while going slowly it struck a child who suddenly ran into its path from in front of a vehicle parked at the side of the street.

TORT. Writ in the Municipal Court of the City of Boston dated August 16, 1935.

On removal to the Superior Court, the action was heard by an auditor and then tried before *M. Morton*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*B. Ginsburg*, for the plaintiff.

*S. S. Bean*, for the defendant.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries sustained in August, 1935, by the plaintiff, then five years old, against the operator of a motor vehicle which struck the plaintiff on a public street. The case was referred to an auditor, whose findings of fact were not final, and then was tried to a jury.

A witness called by the plaintiff testified that he was sitting in his automobile parked on the side of Prince Street in Boston at number 124, facing in the same direction as that in which the defendant was proceeding, and saw the accident; that the street was "wide enough for three cars"; that there was no other vehicular traffic in either direction; that on the opposite side of the street was a vacant lot, used as a playground for children for many years; that it was "a congested tenement, residential and thickly populated with children location"; that the plaintiff while "running moderately across the street from the even numbered side to vacant lot from in front of the car in which the witness was seated" "was struck by the right front bumper of the car" of the defendant; that as a result of the impact the child was thrown forward about fifteen feet and the automobile of the defendant continued forward about half that distance; that the weather was clear and the street dry; and that the estimated speed of the automobile of the defendant was between ten and twelve miles an hour. The mother of the plaintiff testified that the defendant told her that he was sorry that he struck the child, but that he did not see the child before she was struck; that the witness had two other small children whom because of illness she was nursing at the time. This was in substance all the evidence introduced by the plaintiff. The defendant offered

no evidence other than the auditor's report. At the close of the evidence, on motion of the defendant a verdict was directed in his favor.

The auditor's report is not embodied in the exceptions. All that is disclosed concerning it is that it was in favor of the defendant. An auditor's report is *prima facie* evidence of such matters as are embraced in the order of reference. G. L. (Ter. Ed.) c. 221, § 56. In the absence of controlling evidence either set forth in, or introduced outside, the report, the statute gives it such special evidential value as to require its acceptance as final by judge or jury. "It cannot be disbelieved as can the uncontradicted testimony of a witness. Since it is *prima facie* evidence of the truth of the facts found, if it stands alone and is unexplained, it maintains the proposition, and warrants and even requires the conclusion to support which it is introduced." *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 246. *Wakefield* v. *American Surety Co.* 209 Mass. 173, 176. *Scott* v. *Lieberman*, 284 Mass. 325, 327. There is nothing inconsistent with this in *Savin* v. *Block*, 297 Mass. 487.

The evidence introduced in behalf of the plaintiff and already narrated was not sufficient to support a finding of negligence on the part of the defendant. It goes no further than to show that the plaintiff suddenly came in the path of the automobile of the defendant travelling at a comparatively slow speed and could not have been seen more than an instant if at all before the collision. On this point the case falls within the scope of numerous authorities. *Lovett* v. *Scott*, 232 Mass. 541, 542. *Rizzittelli* v. *Vestine*, 246 Mass. 391, 392. *Whalen* v. *Mutrie*, 247 Mass. 316, 318. *McGrimley* v. *Jameson*, 297 Mass. 280. There was no evidence to control the effect of the auditor's report.

The verdict rightly was directed in favor of the defendant.

*Exceptions overruled.*