RICHARD HARVEY LYNCH *vs.* J. JEROME KRANCER.

Suffolk.    February 13, 1939. — April 11, 1939.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Negligence*, Motor vehicle, In use of· way.

Evidence that the right front wheel of an automobile being operated
   slowly struck a boy who ran into the street from in front of parked
   automobiles only an instant before the collision did not warrant a
   finding of negligence of the operator.

TORT.   Writ in the Municipal Court of the City of Boston
dated December 1, 1936.

On removal to the Superior Court, the action was tried
before *Walsh*, J., who, after the recording with leave re-
served of a verdict for the plaintiff in the sum of $3,503.15,
ordered entry of a verdict for the defendant and reported
the case.

*G. B. Stuart*, for the plaintiff.

*T. H. Mahony*, for the defendant.

DOLAN, J.   This is an action of tort brought in behalf
of the minor plaintiff to recover compensation for injuries
sustained by him in the circumstances hereinafter described.
The case was referred to an auditor, whose findings were
not to be final.   He found for the defendant, and the case
was thereafter tried to a jury, before whom the auditor's
report and other evidence were introduced.   At the close of
the evidence the defendant moved for a directed verdict.
His motion was denied subject to his exception.   The jury
returned a verdict for the plaintiff, and the judge, with the
assent of the jury, reserved leave to enter a verdict for
the defendant.   Thereafter the judge allowed the motion of
the defendant that a verdict be entered in his favor, and
reported the case for the determination of this court.

The accident, in which the minor, who was then two
years and eleven months old, was injured, occurred on

Queensberry Street, in Boston, on September 28, 1936, at "about 3.00 P.M." Queensberry Street, which begins at Park Drive and thence runs north, is level, straight and forty feet wide from curb to curb.

The evidence most favorable to the plaintiff tends to show the following facts: About three minutes before the accident occurred the plaintiff and a boy not quite a year older than he was ran from an alleyway which leads into Queensberry Street. They turned to the right into Queensberry Street and ran along its easterly sidewalk; then, turning to the left, they started to cross the street. Two automobiles were coming from the direction of Park Drive and were headed north. The first was a small coupé; the second was the defendant's vehicle, which was proceeding about two car lengths behind the coupé. The only evidence as to the speed at which the defendant was operating his vehicle was that he was going "slowly" or "very slowly" or at a speed of "seven to eight miles an hour." "There were some cars parked at the curb on the east side of the street and the two boys left the sidewalk to cross the street at a point quite near the front of one" of these parked cars. The plaintiff's companion was "ahead of the plaintiff" and "almost ran into the" coupé. "He ducked and got out of the way and went back to the sidewalk. The plaintiff stood still, then started to run and stopped and the front right wheel of the . . . [defendant's automobile] struck him." The defendant stopped his "car as quickly as he could, and the plaintiff was lying in the street one car length behind the defendant's car and near the curb on the easterly side." The plaintiff was struck at a point "about one half a car length in front of . . . [the] parked cars." He "was a good yard from the curb when he was hit." "A person in the street beyond the parked cars would have had clear vision of the . . . [coupé] approaching." The evidence most favorable to the plaintiff would not warrant a finding that any part of the extreme front of the defendant's automobile struck the plaintiff. There was evidence that the defendant saw the plaintiff's companion on the sidewalk.

There is nothing in the evidence to support a finding of

negligence on the part of the defendant.  It could not be found that the plaintiff was seen or, in the exercise of proper care on the defendant's part, could have been seen by the defendant, if at all, for more than an instant before the accident.  The case is governed by numerous decisions cited in *Rizzittelli* v. *Vestine*, 246 Mass. 391, 392, and by such other cases as *Whalen* v. *Mutrie*, 247 Mass. 316, *McGrimley* v. *Jameson*, 297 Mass. 280, and *Conte* v. *Mizzoni*, 298 Mass. 463, 465.  Compare *Schneider* v. *De Christopher*, 301 Mass. 241, 243.  If it be assumed in favor of the plaintiff that the jury could find that the defendant saw the plaintiff's companion on the sidewalk before the accident happened, the result we have reached would be the same.  *Foley* v. *Osgood*, 293 Mass. 280, 283.  In view of what has been said it is unnecessary to discuss whether there was contributory negligence on the part of the plaintiff or his custodian.

*Judgment for the defendant.*