THOMAS J. WOODS, administrator, *vs.* MARGUERITE P. DeMONT.

Suffolk.    November 6, 1947. — January 5, 1948.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence*, Motor vehicle.

Evidence, merely that the operator of a motor truck proceeding at a speed of twenty miles per hour on a lighted street early in a November evening observed boys playing on the sidewalk at his right one hundred feet away and that the truck struck a boy with the right front mudguard when he was nine feet from the curb, did not warrant a finding of negligence of the operator.

TORT.    Writ in the Superior Court dated July 24, 1945. The action was tried before *Dowd*, J.

*H. Lawlor*, (*T. A. Flanagan* with him,) for the plaintiff.

*D. W. Casey*, for the defendant.

WILLIAMS, J.    This is an action of tort by the administrator of Thomas J. Woods, Junior, for the latter's death and conscious suffering resulting from an automobile accident in Boston on November 17, 1944.    The judge under leave reserved ordered the entry of verdicts for the defendant on the two counts after the jury had returned verdicts for the plaintiff.    The plaintiff's exceptions bring the case here.

Dowd, a servant of the defendant and acting within the scope of his authority, was driving an oil truck on Mozart Street in the Jamaica Plain district on the day in question between five and five thirty o'clock in the afternoon.    Ahead of him Bolster Street intersected Mozart Street from the left but did not cross.    His speed was approximately twenty miles an hour.    Both the street lights and the headlights of his truck were lighted.    Mozart Street was level, straight and twenty-five feet wide between curbs.    On the nearer corner of Bolster Street to his left was a playground and on his right opposite the end of Bolster Street was the Lowell School with its school yard.

According to Dowd's testimony, as he proceeded he could see at least one hundred fifty feet ahead; there "were no cars ahead or in back of him and nothing parked on either side as he approached" Bolster Street; he saw five or six boys, one hundred feet before he came to them, playing ball on the right hand sidewalk up toward the Lowell School; he was going about twenty miles an hour when he was one hundred feet back from the boys; "all of a sudden a kid darted off the sidewalk right in front of the truck and I jammed the brakes on"; he did not think he was going over twenty miles an hour when he put on his brakes; he went five or ten feet after he put on his brakes; at whatever rate of speed he was going, he stopped in about ten feet; he was about three feet from the right hand curb as he proceeded along Mozart Street; the accident happened a little past Bolster Street; he went at least five feet after he struck the boy with his right front mudguard; his truck was six and a half feet wide; he saw the boy leave the sidewalk five feet in front of his truck; he jammed on his brakes and did not have time to turn either to the left or to the right before he hit him.

There was no other eyewitness to the accident. A man named Berrigan, attracted by a woman's "screech," looked back and saw the truck stopped near the center of Mozart Street and not quite into the intersection of Bolster Street, the boy's body lying in front of and very close to the right front wheel, his head toward the center of the street and his feet about six or eight feet from the sidewalk.

The correctness of the judge's order depends ultimately on whether there is evidence sufficient to warrant a finding by the jury of the operator's negligence. It is plain that it could not be ruled, as a matter of law, that the deceased was lacking in due care. The plaintiff has the benefit of the presumption of due care on the part of his intestate afforded him by G. L. (Ter. Ed.) c. 231, § 85. The due care of a boy of seven years is the care reasonably to be expected of a child of similar age. *Beale* v. *Old Colony Street Railway*, 196 Mass. 119. *Violondo* v. *Ginsberg*, 270 Mass. 418. Assuming that the jury believed Dowd's testimony in its

entirety, his description of the location and actions of the group of boys on the sidewalk was too vague to justify a conclusion that he should have anticipated that one of them would suddenly run out in front of his truck. *Foley v. Osgood*, 293 Mass. 280. The jury, however, might believe a part and disbelieve a part of his testimony, provided they did not distort or mutilate an integral portion of his statements. *Hill* v. *West End Street Railway*, 158 Mass. 458. *Marquandt* v. *Boston Young Women's Christian Association*, 282 Mass. 28. They might disbelieve his account of the manner in which the boy dashed out into the street and yet believe that the boy was under his observation from the time he left the sidewalk until struck by the truck at a distance slightly over nine feet from the curb. In such case they would have no information as to the movements of the boy or of the truck immediately preceding the collision. They would not know whether the boy was walking or running. The evidence did not suggest that the speed of the truck was improper. It would be the result of pure speculation to find that the operator had a reasonable opportunity to avoid the accident. In its facts this case more nearly resembles *Lovett* v. *Scott*, 232 Mass. 541, *Nager* v. *Reid*, 240 Mass. 211, *Whalen* v. *Mutrie*, 247 Mass. 316, *Conrad* v. *Mazman*, 287 Mass. 229, *Foley* v. *Osgood*, 293 Mass. 280, *Conte* v. *Mizzoni*, 298 Mass. 463, *Lynch* v. *Krancer*, 302 Mass. 593, *Rose* v. *Silveira*, 318 Mass. 709, and *Campbell* v. *Ashler*, 320 Mass. 475, than *Jean* v. *Nester*, 261 Mass. 442, *Dirsa* v. *Hamilton*, 280 Mass. 482, *Faircloth* v. *Framingham Waste Material Co.* 286 Mass. 320, *Carbonneau* v. *Cavanaugh*, 290 Mass. 139, *Schneider* v. *DeChristopher*, 301 Mass. 241, *Snow* v. *Nickerson*, 304 Mass. 63, *McGovern* v. *Thomas*, 317 Mass. 740, and *Mitchell* v. *Silverstein*, 320 Mass. 524.

The judge was right in ordering the entry of verdicts for the defendant.

*Exceptions overruled.*