JAMES ZOMPANTI *vs.* EDWIN FERGUSON.

Suffolk.    May 6, 1957. — June 4, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Negligence*, Motor vehicle.

Evidence of the circumstances in which the plaintiff, while engaged in installing a conduit in a trench along the southerly side of a public way, was struck and injured by a plank knocked out of the hands of a fellow employee standing facing the trench on its northerly side when he swung the plank around from the position parallel to the trench in which he had been holding it and it came in contact with the right front fender of the defendant's automobile as it was proceeding easterly on the way abreast of and about four feet behind the fellow employee, did not warrant a finding of negligence on the part of the defendant.

TORT.  Writ in the Superior Court dated July 15, 1953.

The action was tried before *Collins*, J.

*David H. Fulton*, for the plaintiff.

*John F. Cremens*, (*James P. O'Connell* with him,) for the defendant.

RONAN, J.  These are the plaintiff's exceptions taken to the entering of a verdict for the defendant under leave reserved in an action of tort to recover for personal injuries. The plaintiff was struck by a plank carried by a fellow employee when the plank was knocked out of his grasp by coming in contact with an automobile driven by the defendant.

There was evidence that the defendant in the late afternoon of November 6, 1950, was travelling easterly along Great Plain Avenue, a public way in the town of Needham, in his automobile.  As he approached the intersection of the avenue with Manning Street he was stopped by a police officer doing traffic duty.  A trench had been dug along the southerly side of the avenue in which a conduit had been placed for the reception of telephone wires.  The top

of the conduit was about two feet below the surface of the way. Before filling in the trench it was contemplated putting in a little earth and creosoted planking on top of the conduit. One Cucci had carried a plank along the northerly side of the trench and stopped facing the·trench holding the plank, eight to ten feet long, at about the centre in both hands across the middle of his body. So far as appears, he was holding the plank firmly and steadily. The plaintiff was near the trench, perhaps kneeling on top of the conduit. He was not then seen by the defendant.

The defendant, who was the first in the line of traffic going east, kept observing the traffic officer, who was twenty to twenty-five feet ahead, for the signal to proceed, and when it was given he started up about four feet behind Cucci. There was no other vehicle then occupying Great Plain Avenue in the vicinity of the trench and the way open for travel was about twenty feet in width. When the defendant came abreast of Cucci, Cucci turned and the end of the plank came in contact with the rear face of the right front fender and the contact knocked the plank out of Cucci's hand and against the plaintiff.

The principal contention of the plaintiff is that the defendant could not reasonably anticipate that Cucci would stand still until the defendant had passed by and that the defendant had an opportunity to pass at a greater distance behind him and thus avoid the accident. The automobile had started up when signalled by the officer to do so, and its front had proceeded one half of the length of the plank beyond Cucci when the contact with the end of the plank occurred. Cucci was engaged in installing the conduit in a public way, and the defendant could assume that he was familiar with the existing conditions as to traffic and would not swing the plank around into the automobile.

There was nothing that indicated to the defendant that, if he started up and continued his course for a few feet, the end of the plank would come in contact with the automobile. After the automobile started up on the signal of the traffic officer the plank was being maintained steadily par-

allel to the trench and at least four feet to the right of the defendant's automobile until immediately before it struck the automobile which had not deviated from its course. There was here no showing that the defendant ought reasonably to have anticipated a collision with the plank. It was said in *Falk* v. *Finkelman*, 268 Mass. 524, 527: "One is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what, as is sometimes said, is only remotely and slightly probable." *Stafford* v. *Jones*, 292 Mass. 489, 492. *Foley* v. *Osgood*, 293 Mass. 280, 283. *Kneizys* v. *Stone*, 297 Mass. 31, 32. *Baker* v. *Davis*, 299 Mass. 345. *Buda* v. *Foley*, 302 Mass. 411. *Lynch* v. *Krancer*, 302 Mass. 593. *Woods* v. *DeMont*, 322 Mass. 233.

The case is distinguishable from *Douglas* v. *Whittaker*, 324 Mass. 398, where the defendant parked so closely behind the plaintiff, who was standing in the street watching a fire, that when he made a natural movement he fell against the defendant's automobile.

*Exceptions overruled.*