*Southern District*
#29662 and #30570

**RICHARD COE**

**v.**

**BRUCE R. ERICKSON**
**BROCKTON EDISON CO.**

*Present:* Nash, C.J., Murphy, *Owen, J.J.

Case tried to *Welsh, J.* in the District Court of Brockton #29662 and #30570

*Owen, J. These are actions of tort wherein plaintiff seeks to recover damages for personal injuries resulting from an alleged contact between himself and a motor vehicle owned by Brockton Edison Co. and operated by Bruce R. Erickson: Agency was conceded, the issues are identical in each case and the reports are consolidated.

*There was evidence* that at the time in question the plaintiff service station operator was squatting down facing an automobile on which he was checking or putting air in the left rear tire. The plaintiff felt a blow on his back, he did not look up that second but when he did he saw the defendants' vehicle to his right

about fifteen feet away and the operator getting out of the vehicle. Plaintiff is partially deaf and at no time prior to the incident did he hear or see the defendants' car in motion. Plaintiff subsequently developed a welt across the lower part of his "spine"; his doctor described it as a contusion three inches by one inch. The defendants' car was a 1958 Chevrolet sedan with horizontal fins having sharp edges and projecting beyond the side of the car.

Defendant operator testified he drove into the service station from left to right past the plaintiff and did not come any closer to him than five feet. Defendant neither heard nor felt any impact. When the defendant was leaving the garage on the premises the plaintiff yelled at him to watch out where he was going and about one half hour later had the defendant return to his station and informed the defendant that he had stepped back into the fin of defendants' car and had injured himself.

The defendants filed the following requests for rulings:

1. The evidence does not warrant a finding that the defendant was negligent.

2. The evidence does not warrant a finding for the plaintiff.

3. The evidence warrants a finding that the plaintiff was negligent and that such negligence contributed to the happening of the accident.

The court denied request #1 and found the defendant negligent, denied request #2 and found the defendant negligent and the plaintiff in the exercise of due care, granted request #3 but ruled it immaterial as it found as a fact the plaintiff exercised due care.

The court found for the plaintiff.

The findings by the trial court that the defendant was negligent and that the plaintiff exercised due care are not supported by the evidence.

The plaintiff's own evidence obviously did not sustain his burden of proving the defendant negligent. The plaintiff presented no evidence of any contact with the defendants' car and there was, therefore, no evidence of liability. The cause of the accident if there was one was left completely to conjucture which cannot warrant a finding of negligence. *Jabbour* v. *Central Cons. Co.*, 238 Mass. 453; *Rizzitelli* v. *Vestine*, 240 Mass. 391 and cases cited; *Reardon* v. *Boston El. Ry.*, 247 Mass. 124 and cases cited; *Froio* v. *E. Mass. Ry.*, 247 Mass. 474, *Watson* v. *Watson*, 335 Mass. 769; *Helie* v. *Goldstein*, 338 Mass. 24 and cases cited; *Knox* v. *Lamoureaux*, 338 Mass. 167.

On the other hand, the defendants' evidence included a statement made to him by the plaintiff that he "stepped back into the fin of defendants' vehicle and had injured himself." If the trial court accepted this evidence as proof of the fact that there was contact be-

tween the vehicle and the plaintiff the court must also accept it as proof of the lack of due care on the part of the plaintiff.

It cannot be considered due care for a partially deaf service station operator, who must be assumed to be well aware of the traffic conditions at his place of business, to step backwards a distance of at least five feet without looking before moving. The plaintiff elected to step backward from a place of safety into a path of danger which should have been apparent to him. This would be an incident the defendant was not bound to anticipate.

It would thus appear that not only was there no negligence on the part of the defendant but if there was contact between the automobile and the plaintiff it was caused by the plaintiff's lack of due care. *Gibb* v. *Hordwick,* 241 Mass. 546; *Doyle* v. *Boston El. Ry.,* 248 Mass. 89; *Murphy* v. *Boston El. Ry.,* 262 Mass. 485; *Hughes* v. *Iandoli,* 278 Mass. 530; *Foley* v. *Osgood,* 293 Mass. 280; *Kneizys* v. *Stone,* 297 Mass. 31; *Baker* v. *Daers,* 299 Mass. 345; *Cioffi* v. *Lowell,* 316 Mass. 256; *Woodward* v. *City,* 322 Mass. 197; *Zompanti* v. *Ferguson,* 336 Mass. 167; *Callahan* v. *Lach,* 338 Mass. 233.

Defendants' requests for rulings asked for the application of the above principles of law to the facts. Allowance of these requests would have resulted in judgment for the defendants. The disallowance of Requests ## 1, 2 by the trial court was prejudicial error.

*The judgments for the plaintiff are to be vacated and judgments are to be entered for the defendants.*

NATHAN RICHMAN
 of Brockton for Plaintiff
DAVID W. WOODS
 of Boston for Defendant