Josephson, Bertha D., J.
INTRODUCTION
The plaintiffs, Anna Kiaresh (“Anna”) and her parents, Hamid and Maria Kiaresh (collectively her “parents”), filed a complaint against the defendants, Antonio Vivenzio (“Vivenzio”) and Rosa Arce (“Arce”), alleging negligence (Counts I and II)[3] and loss of consortium (Counts III, IV, V, and VI). Specifically, Anna and her parents seek to recover for injuries Anna sustained when she fell off a broken bicycle belonging to the defendants.[4] The matter is before the Court on Vivenzio’s motion for summary judgment. For the following reasons, Vivenzio’s motion for summary judgment is ALLOWED.

BACKGROUND

The facts are taken from the record when viewed in the light most favorable to the plaintiff.
In June 2003, Anna lived with her parents and two brothers in the third-floor apartment at 51 Johnson Street, Springfield. The second-floor apartment was occupied by her aunt and cousins, and the first-floor apartment was occupied by Vivenzio (her uncle) and his former girlfriend, Arce. Vivenzio and Arce owned several bikes, one of which was a pink woman’s racing bike (the “pink bike”). The rear brakes on the pink bike were inoperable. Normally, Vivenzio and Arce kept their bikes in the basement. However, in the spring of 2003, Vivenzio moved the pink bike, and another bike, to the back yard and propped them against the fence. The summary judgment record indicates that Vivenzio knew the rear brakes were broken and had warned some of his nephews and nieces not to ride it. Anna and her cousins often borrowed Vivenzio’s and Arce’s bikes, including the pink bike.
On June 15, 2003, Anna, who was seventeen at the time and had graduated from high school the week before, went for a bike ride with her cousin, Jennifer Vivenzio (“Jennifer”). Anna rode the pink bike.[5] They did not ask Vivenzio’s or Arce’s permission before taking the bikes. Jennifer and Anna rode together from their home to Forest Park in Springfield, crossing three major streets along the way. As they entered Forest Park, Anna went down a hill with her hands on the handlebars and her feet pointing out. Because the hill was so steep, the defective brakes on the bike were unable to stop it. At the bottom of the hill Anna hit a berm, flew off the bike and struck the ground. As a result of the accident she suffered several crushed vertebrae and spinal cord damage resulting in paraplegia.

DISCUSSION

I: Standard of Review

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, “show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mass.R.Civ.P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 715-16 (1991). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The opposing party may not rest its opposition on the mere contradictions of the movant’s factual allegations, but must demonstrate the existence of admissible evidence which would support a claim at trial. Godbout v. Cousens, 396 Mass. 254, 261 (1985); Key Capital Corp. v. M&S Liquidation Corp., 27 Mass.App.Ct. 721, 728 (1989).
“Summary Judgment is seldom sought or granted in negligence actions.” Manning v. Nobile, 411 Mass. 382, 388 (1991), quoting Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991). This is because negligence claims so often involve disputed questions of fact. Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994), citing Mullins v. Pine Manor College, 389 Mass. 47, 65 (1983); Solimene v. B. Grauel & Co., K.G., 399, Mass. 790, 794 (1987). However, even in negligence actions, summary judgment is appropriate “if no rational view of the evidence permits a finding of negligence.” Roderick, 36 Mass.App.Ct. at 949.

II: Analysis

Liability for negligence can only be imposed if the defendant owes the plaintiff a legal duty, and the breach of that duty proximately causes the resulting injury. See O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000); see also Christopher v. Father’s Huddle Cafe, Inc., 57 Mass.App.Ct. 217, 222 (2003) (“[t]o be liable for negligent conduct, one must have failed to dis *745 charge a duty of care owed to the plaintiff, harm must have been reasonably foreseeable, and the breach or negligence must have been the proximate or legal cause of the plaintiffs injury”). “Whether a defendant has a duty of care to the plaintiff in the circumstances is a question of law for the court, to be determined by reference to existing social values and customs and appropriate social policy.” O’Sullivan, 431 Mass. at 203. Viewing the evidence in the light most favorable to the plaintiffs, it may be said that Vivenzio was aware that the rear brakes on the bike were inoperable.
Vivenzio argues that he cannot be liable for Anna’s injuries as a matter of law because he did not owe a duty to her. Anna counters that such a duty was owed under a theory of premises liability.[6] In an action for injuries caused by a defect or foreign substance on the defendant’s premises, the plaintiff must show that her injuries were attributable to the defendant’s failure as the owner of the premises or person in control of them to perform some duty which he owed to the plaintiff. Wright v. Sears, 242 Mass. 292, 293-94 (1922). Anna cites numerous cases[7] where the defendant was found to be negligent in failing to maintain his or her premises so as to ensure the safety of all lawful visitors. See, e.g., Mounsey v. Ellard, 363 Mass. 693, 695-706 (1973) (defendants were held liable for failing to clear ice on their property, which caused injury to the plaintiff when he slipped and fell). However, the cases Anna cites are distinguishable from the case at hand. Here, the issue is not whether Vivenzio failed to maintain his premises, or dangerous conditions thereon, but rather whether he had a duty to repair or secure the pink bike.
In the premises liability cases Anna cites, the injury occurred on the premises, where the defendant had arguable control over the instrument at the time of the accident. Here, the bike was removed from the premises and the accident took place in Forest Park. Further, Anna admits that she took the bike, which was properly placed on Vivenzio’s property, without permission.
Notwithstanding the tragic nature of this case, on these facts, Vivenzio did not owe to Anna, an unauthorized user of the bike, a duty of care cognizable at law. The plaintiffs have failed to cite authority for the proposition that a landowner owes a duty of care to a child who, without permission, removes and rides a defective bicycle found on the property. There simply is no principle of law that imposes a duty on an owner of chattel to warn potential unauthorized borrowers of defects in that chattel. Such a principle would prevent a lessee or landowner from keeping broken or inoperable recreational equipment on his or her property, i.e., skateboards, roller skates, without facing a risk of liability.

CONCLUSION

As Vivenzio owed no legal duty to Anna,[8] the action cannot be maintained. Accordingly, summary judgment must be granted as a matter of law.[9]

ORDER

It is hereby ORDERED that Vivenzio’s motion for summary judgment be ALLOWED, and the claims as they relate to Vivenzio be dismissed.

 Anna claims that the defendants negligently failed to: 1) properly inspect, maintain and repair the bicycle so it was in safe working order: 2) store or secure the bicycle in such a manner that it would not be accessible to children who were upon the defendant’s premises; 3) dispose of the bicycle when he owned, controlled and/or had the right to control the bicycle; 4) provide adequate instructions and warnings of the dangerous and defective conditions of the bicycle; and/or 5) otherwise take reasonable measures considering the circumstances and potential risks.

 For purposes of this motion only, Vivenzio is conceding ownership of the bike.

 Anna claims that she had ridden the pink bike one week before the accident. At that time she rode it only around the block and did not notice that the rear brake was inoperable.

 Anna also argues that Vivenzio owed her a heightened duty under the doctrine of attractive nuisance. However, the attractive nuisance doctrine applies only to trespassing children. See Mathis v. Massachusetts Electric Co., 409 Mass. 256, 260-61 (1991); see also G.L.c. 231, §85Q. Anna was not trespassing when she borrowed the pink bike, and thus, this doctrine is inapplicable in this case,

 For example, Anna cites Robert Williams, Inc. v. Ferris, 355 Mass. 288, 292 (1969), to stand for the proposition that the person in control of an instrumentality located on the defendant’s premises has a duty to maintain that instrument so that it does not cause harm. However, this case differs from Ferris. There, the instrumentality was a water pipe located on the property. Unlike a bike, which can be removed from the property and has a use separate and apart from the property, a water pipe is connected to the property and thus, the issue can be analyzed under a theory of premises liability.

 Vivenzio further argues that even if the Court finds that he had a duty to maintain the pink bike, Anna will not be able to prove that Vivenzio should have foreseen the accident. See Zomoanti v. Ferguson, 336 Mass. 167, 169 (1957), quoting Falk v. Fihkelman, 268 Mass. 524, 527 (1929) (“[o]ne is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what as is sometimes said, is only remotely and slightly probable”). Since, as discussed above, the Court has found that Vivenzio did not owe a duly to Anna to maintain the pink bike, the Court need not analyze the issue of foreseeability.

 Anna’s parents have filed a loss of consortium claim against Vivenzio. Because a claim for negligent loss of consortium requires a finding of negligence, this claim fails for the reasons discussed above.