Agnes, A.J.
1.Introduction
This is a civil action in which the plaintiff, Stephen P. LaMachia, a police officer for the University of Massachusetts, seeks damages from the defendant City of Worcester for injuries he sustained when he tried to apprehend a prisoner who escaped from the custody of a City of Worcester police officer. The defendant has filed a motion for summary judgment pursuant to Mass.R.Civ.P. 56 on grounds that the city is not liable because (i) there is no evidence of gross negligence as required by G.L.c. 258, §10(1), and (ii) the harm was caused by the violent or tortious conduct of a third person. G.L.c. 258, §10(j).
2.Standard of Review
“Summary judgment is a ‘device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.’ ” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983) (citations omitted). Summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of establishing the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “The evidence is ‘considered with an indulgence in the [opposing party’s] favor.’ ” Anthony’s Pier Four v. Crandall Dry Dock Engineering, Inc., 396 Mass. 818, 822 (1986), quoting National Ass’n of Gov’t Employees v. Central Broadcasting Corp., 379 Mass. 220, 231 (1979), cert denied, 446 U.S. 935 (1980). However, “ [a] complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial.” Kourouvacilis, supra at 711, citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). If the moving party does not bear the burden of proof at trial, it may demonstrate the absence of a genuine issue of material fact by submitting evidence that negates an essential element of the other party’s claim, or by showing that the other party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). “Summary judgment is seldom sought or granted in negligence actions.” Manning v. Nobile, 411 Mass. 382, 388 (1991), quoting Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991). This is because negligence claims so often involve disputed questions of fact. Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994), citing Mullins v. Pine Manor College, 389 Mass. 47, 65 (1983); Solimene v. B. Gravel & Co., KG, 399 Mass. 790, 794 (1987).
3.The Factual Background
Based on the affidavits and other materials submitted in support and in opposition to the defendant’s Rule 56 motion, a jury would be warranted in finding the following facts. At the time of the events in ques *468 tion, the plaintiff was employed as a police officer by the University of Massachusetts Medical Center. Thomas Payne was employed as a police officer for the City of Worcester. On January 31, 1995, officer Payne was assigned to guard Norman Labonte, a person who was in the custody of the Worcester Police department as a result of his arrest on January 30, 1995. Labonte is about six feet tall, and weighs about 190 pounds. He had ingested cocaine and had threatened police officers at the time of his arrest. He was transported in custody to the University of Massachusetts Medical Center for treatment. Based on an agreement between the City of Worcester and the University of Massachusetts Medical Center, the prisoner was to be guarded at all times by the Worcester Police. Officers guarding the prisoner were permitted to work no more than 2 hours on guard shifts and were required to insure that the prisoner was handcuffed and leg shackled to his hospital bed at all times. However, in this case, there is evidence that the prisoner was not properly restrained, but only attached to his hospital bed by a leg shackle which in turn was attached to his wrist not his ankle. There also is evidence that officer Payne was aware that a prisoner could extricate himself from such a restraint and that handcuffs should be employed, but he did not undertake to use handcuffs or to properly attach the leg irons. At the time of the prisoner’s escape, officer Payne was not positioned between the prisoner’s bed and the door leading to the hallway from which the prisoner escaped. At the time of the prisoner’s escape, officer Payne was looking out the window and not at the prisoner. When officer Payne was alerted to the escape by a nurse who happened to come into the room, the leg shackle was found dangling from the prisoner’s bed and pillows were stuffed under the covers making it appear a person was still in the bed. The plaintiff was on patrol outside the hospital when he received notice of the escape. The plaintiff pursued the prisoner. A violent struggle ensued. The plaintiff was injured when he was thrown out of a police cruiser that the prisoner had stolen.
4. Defendant’s Argument Based on G.L.c. 258, §10(i)
G.L.c. 258, §10(i) provides that liability under G.L.c. 258 may not be based on a claim arising out of the escape of a prisoner “unless gross negligence is shown .. .” In the present case, if a jury believes the evidence offered by the plaintiff with regard to the forgetfulness and indifference exhibited by officer Payne, it would be warranted in finding gross negligence. See Christopher v. Father’s Huddle Café, Inc., 57 Mass.App.Ct. 217, 230-31 (2003), and cases cited.
5. Defendant’s Argument Based on G.L.c. 258, §10(j)
G.L.c. 258, § 10(j) provides that liability under G.L.c. 258 may not be based on a claim involving an act or the failure to act “to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person which is not originally caused by the public employer or any other person acting on behalf of the public employer.” This exclusion is designed to limit the liability of the public employer for failing to prevent harm caused by risks not created by the public employer, but that result from some independent source. See Suboh v. City of Revere, 141 F.Sup. 2d 124 (D.Mass. 2001), aff'd in part, reversed in part, 298 F.3d 81 (2002). When the act or omission of the public employer or its agent causes or materially contributes to the specific condition or situation that results in harm, there is liability. See Jacome v. Commonwealth, 56 Mass.App.Ct. 486, 489 (2002), discussing Kent v. Commonwealth, 437 Mass. 312, 318 (2002). Here, it was the allegedly gross negligence of officer Payne that led to the escape which in turn caused the harm to the plaintiff. This is not a case like Brum v. Dartmouth, 428 Mass. 684, 696 (1999), or Jacome v. Commonwealth, 56 Mass.App.Ct. at 490 (2002), in which the liability of the public employer was based simply on its failure to have prevented a harmful act from taking place. Here, a direct act of negligence by the public employer’s agent is alleged to be the cause of the resulting harm. See Bonnie W. v. Commonwealth 419 Mass. 122, 125 (1994). Accord, Gendron v. Semidi, 13 Mass. L. Rptr. 87, 2001 WL 543175 (Worcester Superior Court 2001) (Fecteau, J.) (negligent hiring and supervision of a correctional officer who is alleged to have beaten an inmate could be regarded as affirmative acts that are not barred by G.L.c. 268, §10(j)).
ORDER
For the above reasons, the defendant’s motion, for Summary judgment is DENIED.