Agnes, A.J.
1.Introduction
This is a civil action in which the plaintiffs, a 17-year-old student at Leominster High School, Ryan Bilodeau (“Bilodeau”), and his mother, Lauri Marrama (“Marrama”), have brought suit against the City of Leominster (“the City”) seeking damages for personal injuries Bilodeau sustained when he was punched by another student while attending a drafting class at the high school. The City has filed a motion for summaiy judgment pursuant to Mass.R.Civ.P. 56 on grounds that the City is immune from liability because the harm was caused by the violent or tortious conduct of a third person. G.L.c. 258, §10(j).
2.Standard of Review
“Summaiy judgment is a ‘device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.’ ” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983) (citations omitted). Summaiy judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso, 390 Mass. at 422. The moving party bears the burden of establishing the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “The evidence is ‘considered with an indulgence in the [opposing party’s] favor.’ ” Anthony’s Pier Four v. Crandall Dry Dock Engineering, Inc., 396 Mass. 818, 822 (1986), quoting National Ass’n of Gov’t Employees v. Central Broadcasting Corp., 379 Mass. 220, 231 (1979), cert. denied, 446 U.S. 935 (1980). However, “[a] complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial.” Kourouvacilis, supra at 711, citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The party opposing summaiy judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). If the moving party does bear the burden of proof at trial, it may demonstrate the absence of a genuine issue of material fact by submitting evidence that negates an essential element of the other party’s claim, or by showing that the other party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
3.Factual Background
On November 21, 2001, Bilodeau was attending a drafting class at Leominster High School. During the class the teacher left the room and the class was unsupervised for a period of time. While the teacher was out of the room, another student, Johnston, who had physically assaulted other students at Leominster High School in the past causing serious and permanent injuries, punched Bilodeau in the face. As a result Bilodeau suffered multiple fractures and other injuries to his face and has undergone several reconstructive surgeries.
4.Municipal Immunity for Failure to Act or to Prevent Harm Caused by a Third Party
Under G.L.c. 258, §10(j), a municipality is immune from liability “on any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer.” G.L.c. 258, §10(j) (emphasis added). The Supreme Judicial Court has held that §10(j) shields public schools from liability where the injury was caused by the tortious conduct of another student despite being put on notice of an impending threat. See Brum v. Dartmouth, 428 Mass. 684 (1998) (a public school was not liable under § 10(j) for the failure to maintain *226 security and to protect a student who was stabbed to death at school even though the principal had been informed that the assailants planned to return to the school to retaliate against the student and were visibly armed when they returned). This does not mean a teacher’s negligence could never provide a basis for municipal liability under G.L.c. 258. For example, if a teacher sent two students, who had been engaging in a physical confrontation, into an unsupervised classroom and they injured each other, the teacher would have created a condition that led to a harmful consequence and the school could be held liable.
In cases where the Commonwealth has been held liable, a direct act of negligence by a public employer was held to have caused the resulting harm. See, e.g., Bonnie W. v. Commonwealth, 419 Mass. 122 (1994) (the Commonwealth could be held liable where a parole officer negligently recommended a parolee with a criminal history including rape convictions for employment at a trailer park where he had access to keys and he sexually assaulted the plaintiff in her mobile home); Lamachia v. City of Worcester, 17 Mass. L. Rptr. 467, 2004 WL 689268, Civil Action No. 98-0097 (Worcester Super. Ct., Mar. 17, 2004) (Agnes, J.) (the City of Worcester could be held liable for a police officer’s negligence in restraining and guarding a prisoner who escaped while receiving medical treatment at a hospital); Gendron v. Semidi, 13 Mass. L. Rptr. 87, 2001 WL 543175, Civil Action No. 95-2297 (Worcester Super. Ct. 2001) (Fecteau, J.) (negligent hiring and supervision of a correctional officer who is alleged to have beaten an inmate could be regarded as affirmative acts that are not barred by G.L.c. 258, §10(j)).
The issue in this case is whether the teacher’s departure from the classroom was an affirmative act that materially caused or contributed to the ‘condition or situation’ that resulted in Bilodeau’s injuries or whether it was simply a failure to prevent or diminish harm. Given the plaintiffs’ allegation that school officials were aware of Johnston’s propensity for violence toward other students, a reasonable person could find that the teacher’s act of negligently leaving the class unsupervised was the cause of the harm. However, Brum states that “if a neglect of duty can be taken to ‘originally cause [ ]’ such a ‘situation’ then the opening words of §10(j), ‘immunizing’ actfs] or failure[s] to act to prevent,’ which we take to announce the provision’s principal purpose, would be virtually read out of the provision.” Brum, 428 Mass at 692-93. Otherwise, “every ‘failure to prevent’ might be recast in this way as ‘originally causing’ a condition, the ‘harmful consequences’ of which are the wrongful ‘conduct of a third person’ and the ensuing harm to the plaintiff, and the exception would swallow the rule.” Id. at 693. Accordingly, this court finds that the teacher’s departure, while it may have been negligent, was not the original cause of Bilodeau’s injuries. Instead, the teacher failed to prevent or diminish a harm originally caused by another student. As none of the exceptions to §10(j) apply to the plaintiffs, the City is immune from liability.
This result should not be understood as a dismissal of the alarming problem of violence in schools. While a recent report by the Center for Disease Control indicates that school violence may be decreasing, incidents of school violence remain at a disturbing levels and the number of students absent from school due to a concern for safety has increased significantly. Center for Disease Control, Violence-Related Behaviors Among High School Students United States, 1991-2003 (July 30, 2004), available at http://www.cdc.gov/mmwr/preview/mmwrhtml/mm5329al.htm (last viewed on August 3, 2004). Teachers are also vulnerable. In the 1999-2000 school year, nine percent of all elementary and secondary school teachers were threatened with injury by a student, and four percent were physically attacked by a student, representing about 305,000 teachers who were victims of threats ofinjury by students that year and 135,000 teachers who were victims of attacks by students. J.F. DeVoe et al., Indicators of School Crime and Safety: 2002, U.S. Departments of Education and Justice (2002), available at http://nces.ed.gov or http://www.ojp.usdoj.gov/bjs/ (last viewed on August 3, 2004). In the same way that schools have partnered with local police departments in drug prevention efforts, schools may want to consider a similar partnership to deal with violence in schools. As Justice Ireland wrote in his concurrence in Brum, “parents reasonably should be able to expect that the schools to which they entrust their children will take reasonable steps to protect their children from harm when, as here, the school officials are put on notice that the children are or may well be in jeopardy ... on such facts, parents should be able to submit to a jury the claim that the school breached a duty owed to them.” Id. at 708-09. While the problem demands a solution, and the plaintiff along with all others who attend our schools are entitled to be protected, a tort action against the city or town based on a teacher’s failure to prevent the harm is not the answer.
ORDER
For the above reasons, the defendant’s motion for Summary Judgment is ALLOWED.