JAMES C. BANDANZA & another [1] *vs.* TOWN OF NORWOOD. December 7, 1971. After the plaintiffs' opening statement in this action of tort for personal injuries and consequential damages, the judge directed a verdict for the defendant on each of four counts in the declaration, and the plaintiffs excepted. The claim is that the defendant's contractor excavated a street to lay water pipes, that the defendant put gravel over the excavated area, that over a six months' period stones and gravel were strewn over adjacent sidewalks and lawns, and that a boy in the neighborhood picked up a stone and threw it, permanently impairing the sight of the left eye of the five year old plaintiff. We assume, as the plaintiffs argue, that the defendant could be liable for personal injuries caused either by a nuisance it created or by its negligence. *Kurtigian* v. *Worcester*, 348 Mass. 284, 288. *Reynolds Boat Co. Inc.* v. *Haverhill*, 357 Mass. 668, 669. We pass the point that the plaintiffs' opening statement did not include a statement that the stone thrown was one of those left by the defendant. The defendant had not undertaken any special responsibility for the minor plaintiff or maintained control of the area, and there was no statement that there had been prior similar incidents. Compare *Roach* v. *Boston & Maine Corp.* 359 Mass. 753; *Mayer* v. *Housing Autny. of Jersey City*, 84 N. J. Super. 411, affd. 44 N. J. 567. Nor did the stones and gravel present any unusual hazard to young children playing in the area. Compare *Smith* v. *Eagle Cornice & Skylight Works*, 341 Mass. 139, 141–142 (axe). We think the defendant was not bound to anticipate the use of the stones and gravel as missiles. *Horan* v. *Watertown*, 217 Mass. 185, 187. *Geary* v. *H. P. Hood & Sons, Inc.* 336 Mass. 369, 371.

*Exceptions overruled.*

*Jerome A. Polcari* (*Howard J. Alperin* with him) for the plaintiffs.
*Walter J. Gotovich*, Town Counsel, for the defendant.