KEITH RODERICK[1] & another[2] *vs.* BRANDY HILL CO. & others.[3] No. 93-P-286. April 14, 1994. *Practice, Civil*, Summary judgment. *Negligence*, One owning or controlling real estate, Standard of care. *Landlord and Tenant*, Landlord's liability to tenant or one having his rights, Playground.

---

[1]By his mother and next friend, Andrea Roderick.
[2]Andrea Roderick.
[3]State Street Development Management Corporation and Becky Nunes.

The minor plaintiff, Keith Roderick (Keith), was injured on a playground of an apartment complex belonging to the defendant, Brandy Hill Co. (Brandy), and managed by the defendant, State Street Development Management Corporation (State). Keith, represented by his mother, and his mother[4] filed suit in the Superior Court against the defendants, Brandy and State, on the ground that the playground was negligently maintained by them. Brandy and State filed a motion for summary judgment. From the allowance of summary judgment for Brandy and State, the plaintiffs filed this appeal. We affirm.

We summarize those facts which are not in dispute. The plaintiffs were tenants at the apartment complex known as Brandy Hill Estates. Brandy Hill Estates was owned by Brandy and managed by State. There was a playground located in the rear of the plaintiffs' apartment on the premises of Brandy Hill Estates. The playground was not supervised, was not surrounded by a fence, and was adjacent to a wooded area.

Keith had gone to the playground to play with his older brother and some of his brother's friends. While playing near a swing, Keith was struck on the right eye by a stick thrown by a child at another child. The child had obtained the stick from the wooded area adjacent to the playground just before he struck Keith accidentally in the eye with it. Keith was four years old at the time of the accident.

Ordinarily, summary judgment is not an appropriate means to resolve negligence cases, because usually the question of negligence is one of fact. *Mullins* v. *Pine Manor College*, 389 Mass. 47, 56 (1983). *Solimene* v. *B. Grauel & Co., KG*, 399 Mass. 790, 794 (1987). However, a judge may decide the issue as matter of law when no rational view of the evidence permits a finding of negligence. *Mullins* v. *Pine Manor College, supra. Glick* v. *Prince Italian Foods, Inc.*, 25 Mass. App. Ct. 901, 902 (1987). We hold this to be such a case.

A residential landlord owes a duty to maintain its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the probable seriousness of such injuries, and the burden of reducing or avoiding the risk. *Young* v. *Garwacki*, 380 Mass. 162, 169 (1980). The plaintiffs contend that the defendants breached their duty by failing to keep the playground free of sticks, by failing to fence the playground area, and by failing to provide supervision for the playground. Here, the defendants submitted verified materials to the judge that the stick involved in the incident did not come from the playground area but from the wooded area adjacent to the playground and that the stick had been brought into the playground just moments before the child threw it. Even if we were to assume that the defendants had a duty to keep the playground area free of sticks, they cannot rationally be found to have breached that duty when the sticks had been brought onto the playground

---

[4]The mother's claim was for loss of consortium.

moments before the accident. A residential landlord cannot be held liable in negligence unless he knew or reasonably should have known of the defect and had a reasonable opportunity to repair or remove it. *Id.* at 170.

We also conclude that in the circumstances of this case no rational view of the evidence would warrant a finding that the defendants acted unreasonably in failing to erect a fence around the playground area or in failing to provide supervision for the playground area. There is no reason to conclude that the proximity of a wooded area next to a playground poses a danger to children living in an apartment complex. See *Bandanza* v. *Norwood*, 360 Mass. 860 (1971) (presence of stones and gravel resulting from road excavation on lawns in residential neighborhood posed no unusual danger to young children). Nor is there any reason to conclude that children would be deterred from going into the woods and returning to the playground with sticks simply because the playground was surrounded by a fence. Similarly, there is no reason for the defendants to foresee that the parents and guardians of children in the apartment complex would not provide adequate supervision of their children while they play on the playground. To shift this responsibility to the defendants in this case makes them an insurer of their property and imposes an unreasonable maintenance burden upon them, which is not what our law requires. See *Mounsey* v. *Ellard*, 363 Mass. 693, 709 (1973).

In sum, based upon the pleadings and verified materials presented to the motion judge, the plaintiffs have no reasonable expectation of proving that the defendants breached the duty of care owed the plaintiffs, an essential element of their negligence action. *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). Consequently, summary judgment was properly allowed by the Superior Court judge.

*Judgment affirmed.*

*Adelio DeMiranda* for the plaintiffs.
*Brian P. Burke* for Brandy Hill Co. & another.