Kottmyer, J.
INTRODUCTION
The Plaintiff, Ruth Gannon (“Gannon”), filed a complaint against Defendants/Third-Party Plaintiffs, Matthew Murphy and Lawrence Murphy (“the Murphys”), claiming that she sustained multiple injuries as a result of Matthew Murphy’s negligent operation of Lawrence Murphy’s motor vehicle. The Murphys in turn filed this action against Third-Party Defendant, Murdoch Mackenzie (“Mackenzie”), claiming that the Murphys are entitled to contribution because Mackenzie negligently waved at Gannon in a manner which indicated that it was safe to cross the street. The case is now before the court on Mackenzie’s motion for summary judgment. For the following reasons, the Third-Party Defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
On Saturday, November 13, 1999, at approximately 5:15 p.m., Mackenzie was driving his Jeep Cherokee in the right westbound lane on High Street in Newburyport. As he approached a yellow blinking light at the intersection of High Street and Green Street, he saw a woman, later identified as Gannon, press the pedestrian button, and wait on the curb to cross the street. The signal did not appear to be working as the light did not change.[2] Mackenzie stopped his vehicle before the crosswalk and waved at Gannon. Gannon looked both ways, saw no other cars approaching and began crossing the street in the crosswalk. She walked in front of Mackenzie’s vehicle and continued into the left westbound lane. At that moment, Mackenzie and Gannon heard tires screeching and saw Murphys’ car traveling toward Gannon in the left westbound lane. Gannon was startled, stepped backward and fell on her back striking her head on the pavement. The Murphys’ car stopped in the crosswalk, but did not strike Gannon.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to summary judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Ordinarily, summary judgment is not an appropriate means to resolve negligence cases, because usually the question of negligence is for the jury. Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994), citing Solimene v. B. Gravel & Co., KG, 399 Mass. 790, 794 (1987); Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983). A judge may decide the issue as a matter of law however, when no rational view of the evidence permits a finding of negligence. Roderick, 36 Mass.App.Ct. at 949 (citations omitted).
In opposition to Mackenzie’s motion for summary judgment, the Murphys cite Woods v. O’Neil, 54 Mass.App.Ct. 768 (2002). In that case, the Appeals Court reversed a grant of summary judgment holding that the defendant had not met his burden of showing that plaintiff had no reasonable expectation of proving that a defendant operator who waved to a pedestrian had breached his duty of care to avoid injury to pedestrians where (1) the pedestrian was only fourteen; (2) her view of oncoming traffic was blocked by the defendant’s van; (3) she was standing on the double yellow line in the middle of a four-lane road when the defendant gestured to her; (4) traffic was heavy; and (5) immediately after defendant signaled to her, she crossed in front of his vehicle and into the next lane. Id. The court reasoned that these factors would permit an inference of negligence on the part of the defendant. Id.
None of these factors is present in this case. Gannon is an adult capable of determining whether a road is safe to cross. See Woods v. O’Neil, 54 Mass.App.Ct. at 774. When Mackenzie waved to her, Gannon was standing safely on the sidewalk and in a position to assess the traffic approaching from behind Mackenzie’s car. After Mackenzie signaled to her, Gannon looked both ways before attempting to cross the street and did not see any cars approaching. (Plf.’s *232 Ans. to Def. Int. #2.) There is no evidence that Mackenzie’s Jeep Cherokee blocked Gannon’s view of approaching traffic. The Murphys’ vehicle came from behind Mackenzie’s vehicle in the left westbound traffic lane. At the time of the incident, traffic was minimal.
Based on the summary judgment record, Mackenzie has met his burden of showing that the Murphys have no reasonable expectation of proving that Mackenzie breached his duty of reasonable care to pedestrians.
ORDER
Based upon the foregoing, it is hereby ORDERED that the Third-Party Defendant’s motion for summary judgment be ALLOWED.

Officer Edward Rice, who investigated the incident, confirmed that the pedestrian light was not functioning properly.