Lowy, J.
INTRODUCTION
This is a negligence action that stems from a motor vehicle accident in North Andover. Defendant Andrew Birecki (“Birecki”) is a volunteer soccer coach for the Andover Soccer Association. While on his way to deliver soccer equipment to an assistant coach, Birecki struck a motorcycle driven by the plaintiff, Noel Ayala (“Ayala”). Ayala sustained physical injuries and filed this suit against Birecki. Alaya then amended his complaint to add Birecki’s insurer, One Beacon Insurance, as well as the Andover Soccer Association, Inc. (“ASA”), the Essex County Youth Soccer Association, Inc. (“ECYSA”), and the Massachusetts Youth Soccer Association, Inc. (“MYSA”) as defendants. Ayala claims that Birecki was acting as an agent for ASA, ECYSA, and MYSA at the time of the accident. Birecki, ASA, ECYSA and MYSA now move for summary judgment. For the reasons stated below, summary judgment is ALLOWED as to ASA, ESCYA and MYSA, but DENIED as to Birecki.
*232 DISCUSSION
Summary judgment is appropriate where there are no genuine issues as to any material fact and the moving party is entitled to judgment as amatter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case, or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corporation, 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
1. Existence of an Agency Relationship Between Birecki and ASA, ECYSA and MYSA
An agency relationship is created by “the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control.” Kirkpatrick v. Boston Mutual Life Insurance Co., 393 Mass. 640, 645 (1985), quoting Restatement (Second) of Agency §1 (1958); Spencer v. Doyle, 50 Mass.App.Ct. 6, 8 (2000). In order to prove the existence of an agency relationship, Ayala must establish 1) that ASA, ECYSA and MYSA each entered into a mutual agreement with Birecki; 2) that the agreement required Birecki to act for the benefit of each organization; and 3) that each organization had the ability to control Birecki’s actions. See, e.g., Theos & Sons, Inc. v. Mack Trucks, Inc., 431 Mass. 736, 743 n. 12 (stating that “mutual consent, benefit for, and control by the principal [is] necessary for the establishment of a principal-agent relationship”). If an agency relationship does exist, Ayala must then prove that Birecki was acting within the scope of his actual or apparent authority at the time the accident occurred. See, e.g., id. (finding that, “the principal has liability for the agent’s acts toward third parties only if the agent was acting with the actual or apparent authority of the principal in that transaction”).
In this case, the court need not consider whether Birecki was acting within the scope of his authority because no agency relationship ever existed between Birecki and ASA, ECYSA, or MYSA. Id. At the time of the accident, Birecki was employed full time as a principal engineer with CMGI in Andover, Massachusetts. Birecki was never an employee of ASA, ECYSA or MYSA; nor has Birecki received any other monetary compensation from ASA, ECYSA or MYSA for his volunteer soccer coaching duties. There was never an agreementwritten, verbal or otherwisein which ASA, ECYSA or MYSA agreed to allow Birecki to act on their behalf. See, e.g., Restatement (Second) of Agency §15 (1958) (stating that, “an agency relation exists only if there has been a manifestation by the principal to the agent that the agent may act on his account, and consent by the agent so to act”).
Moreover, Birecki was driving his own car on a public road at the time of the accident. He was not on his way to or from a soccer game, nor were there members of a soccer team in the car. In fact, Birecki testified that he was in his car for the sole purpose of picking up his son at a friend’s house. Birecki decided to stop at the assistant coach’s house only after his son called while Birecki was already in the car and told Birecki that he no longer needed a ride. Neither ASA, ECYSA nor MYSA had the ability to control when, where, how, or even if Birecki chose to deliver soccer equipment to his assistant. See Theos & Sons, Inc., 431 Mass, at 742 (finding that control over agent’s activities is a necessary component of the principal-agent relationship). Accordingly, Birecki was not an agent of ASA, ECYSA or MYSA at the time of the accident.
2. Effect of Mass. G.L.c. 231, §85V
Even if Birecki were an agent, and Ayala could prove that Birecki was acting within the scope of his authority at the time of the accident, summary judgment is still required because ASA, ECYSA and MYSA are immune from suit under G.L.c. 235, §85V. Section 85V provides:
No nonprofit association conducting a sports or sailing program shall be liable to any person for any action in tort as a result of any acts or failures to act in rendering such services or in conducting such sports program.
ASA, ECYSA and MYSA are each non-profit organizations. Furthermore, Birecki was rendering services for ASA, ECYSA and MYSA at the time of the accident because he was delivering soccer equipment to an assistant coach. Accordingly, ASA, ECYSA and MYSA are immune from suit under the statute. G.L.c. 235, §85V.[2]
Ayala counters that G.L.c. 235, §85V is preempted by a federal law, the Volunteer Protection Act, 42 U.S.C. §14501 et seq. Ayala’s argument fails for several reasons. Although the Volunteer Protection Act limits the liability with regard to individual volunteers, the Act expressly states that “[n]othing in this section shall be construed to affect the liability of any nonprofit organization.” 42 U.S.C. 14503(c). Therefore, the federal statute is silent with regard to whether states may impose or exempt liability on nonprofit organizations. Because preemption is appropriate only when there is a clear conflict between state and federal law, the Massachusetts statute is a valid restriction on the liability of nonprofit entities. See, e.g., CSX Transportation, Inc. v. Easterwood, 507 U.S. 658, 664 (1993), quoting Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947) (stating that, “in the interest of avoiding *233 unintended encroachment on the authority of the States, however, a court interpreting a federal statute pertaining to a subject traditionally governed by state law will be reluctant to find preemption. Thus, preemption will not lie unless it is the ‘clear and manifest purpose of Congress’ ”); Sawash v. Suburban Welders Supply Company, Inc., 407 Mass. 311, 315 (1990) (stating that, “(p]reemption ... is not favored, and State laws should be upheld unless a conflict with Federal law is clear”). Moreover, Congress’ stated purpose in enacting the Volunteer Protection Act was to “provide certain protections from liability abuses related to volunteers serving nonprofit organizations.” 42 U.S.C. §14501. In other words, the Massachusetts statute actually jurthers the purpose of the federal statute. See, e.g., Gade v. National Solid Wastes Management Association, 508 U.S. 88, 99 (1992) (stating that, “our ultimate task in any preemption case is to determine whether state regulation is consistent with the structure and purpose of the statute as a whole”). Because the Massachusetts statute is consistent with federal law, preemption does not apply.
3. Birecki’s Motion for Summary Judgment
“Ordinarily, summary judgment is not an appropriate means to resolve negligence cases, because usually the question of negligence is one of fact.” Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994), citing Mullins v. Pine Mannor College, 389 Mass. 47, 56 (1983). Because Ayala’s case against Birecki raises numerous questions of fact regarding breach of duty and causation, Birecki’s motion for summary judgment is denied. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
ORDER
For the foregoing reasons, it is ORDERED that ASA, ECYSA and MYSA’s motions for summary judgment are ALLOWED, and Birecki’s motion for summary judgment is DENIED.

 Contrary to Ayala’s assertion, the exception to G.L.c. 235, §85V which states “a nonprofit association conducting a sports program may be liable for any acts or failures to act relating to the transportation of participants in a sports program or others to or from a game, event or practice,” does not apply because Birecki was not transporting anyone to or from a game, event or practice at the time of the accident.