Agnes, A.J.
1. Introduction
This is a civil action that arises out of the tragic death at the age of 16 of the plaintiffs decedent, Peter Moutsos, Jr., who fatally shot himself in Winchendon, Massachusetts on February 9, 1999. The defendants, Cynthia Martin and William Martin, the parents of Todd Martin, a friend of the decedent who was with him at the time of the shooting, have filed a motion for summary judgment on grounds that there is no evidence that would support a finding that they owe a duty of care to the decedent or that they breached any duly of care that might have been owed to him.
2. Factual Background
The essential facts are not in dispute. The fatal shooting occurred in the bedroom of Matt Morris. On the day in question, the decedent, Todd Martin and Matt Morris were together in Matt’s home. At some point the decedent who was watching television, asked Matt for a videotape Matt had previously loaned him. Matt removed a T-shirt from a drawer which contained the videotape, some ammunition he was storing for the decedent and which had been removed from the Moutsos’s vehicle or home, and a handgun. The handgun had been taken by Matt and the decedent weeks earlier from the apartment of Hillary Tessier and Nicole O’Rourke. The apartment was rented by the defendant Rose Clark who was acting as the administrator of her father Howard Clark who had owned the apartment. It appears that the handgun was among the belongings of Howard Clark that his daughter was storing at the apartment. It also appears that Todd Martin was aware that the decedent and Matt had discovered the handgun at the apartment rented by Hillary Tessier and Nicole O’Rourke, but was not aware that they had removed it.
3.
On the day in question, the evidence suggests that Matt and Todd opened the handgun and inspected it and placed it on the floor. Todd returned to his activity (reading a magazine). Matt was reportedly standing in the doorway using the telephone. Todd saw the decedent pluck up the gun, but did not see what was to happen next. Todd heard a bang and looked up to see the decedent fall to the floor suffering from a self-inflicted gunshot wound.
4. Standard of Review
“Summary judgment is a ‘device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.’ ” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983) (citations omitted). The function of a motion under Mass.R.Civ.P. 56, is to “pierce the boilerplate of the pleadings and assay the parties’ proof in an effort to determine whether trial is actually required.” Harris v. Harvard Pilgrim Health Care, Inc., 20 F.Sup.2d 143, 146-47 (D.Mass. 1998), citing McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995). Thus, summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). Also, summary judgment may be granted against the moving party, and may be granted as to certain issues but not others. See Community Bank v. Dawes, 369 Mass. 550, 553 (1976).
5.
The moving party bears the burden of establishing the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once this is satisfied, the burden shifts to the party opposing summary judgment to allege specific facts establishing the existence of a genuine issue or issues of material fact. Id. In assessing whether each party has met its burden, the court is not permitted to weigh the evidence, to determine the credibility of any witnesses or make any findings of fact. Kelly v. Rossi, 395 Mass. 659, 663 (1985). Moreover, “[t]he evidence is ‘considered with an indulgence in the [opposing party’s] favor.’ ” Anthony’s Pier Four v. Crandall Dry Dock Engineering, Inc., 396 Mass. 818, 822 (1986), quoting National Assn of Gov’t Employees v. Central Broadcasting Corp., 379 Mass. 220, 231 (1979), cert. denied, 446 U.S. 935 (1980). “[A] toehold ... is enough to survive a motion for summary judgment.” Sheehy v. Lipton Indus., Inc., 24 Mass.App.Ct. 188, 194 (1987). However, “[a] complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial.” Kourouvacilis, supra at 711, citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
*50 6.
In determining whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). If the moving party does not bear the burden of proof at trial, it may demonstrate the absence of a genuine issue of material fact by submitting evidence that negates an essential element of the other party’s claim, or by showing that the other party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
7.
“Summary judgment is seldom sought or granted in negligence actions.” Manning v. Nobile, 411 Mass. 382, 388 (1991), quoting Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991). This is because negligence claims so often involve disputed questions of fact. Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994), citing Mullins v. Pine Manor College, 389 Mass. 47, 65 (1983); Solimene v. B. Gravel & Co., KG, 399 Mass. 790, 794 (1987). However, even in negligence actions, summary judgment is appropriate “if no rational view of the evidence permits a finding of negligence.” Roderick, supra at 949.
8. Identity of the Defendants
One of the issues that arose at oral argument was whether the complaint includes claims against Todd Martin or simply claims against his parents. Todd Martin is not named personally as a party in the complaint. Instead, the complaint names “Cynthia Martin and William Martin, individually and as Parents and Next friends of Todd Martin.” See Complaint and Jury Demand, Case No. 2001-1988. Service of process was made upon “Cynthia Martin, individually,” “Cynthia Martin as Parent and Next Friend of Todd Martin,” “William Martin Individually,” and “William Martin as Parent and Next Friend of Todd Martin.” No service was made upon Todd Martin. A joint answer with defenses was filed by “Cynthia Martin and William Martin, individually and as Parents and Next friends of Todd Martin.” No responsive pleading was filed by or on behalf of Todd Martin. In the first section of the plaintiffs’ complaint captioned “allegations pertinent to all counts” the plaintiffs identify the parties in separately numbered paragraphs. Todd Martin is not included. The only evidence of Todd Martin as a defendant appears in Count III (Negligence) and Count VIII (Negligent Infliction of Emotional Distress) of the complaint alleging negligence. Neither count identifies Todd Martin as a defendant in the caption, but in several paragraphs, the plaintiffs allege negligence on the part of Todd Martin in connection with the possession or control of the handgun in question. Even though Todd Martin was a minor at the time this case was filed, the plaintiffs could have sued him if they believed they had a valid cause of action against him. They did not do so. Rather, the language of the complaint makes it clear that liability is alleged solely against Todd Martin’s parents on grounds that they were negligent in not properly supervising and controlling him with respect to the handgun in question. Implicit in these allegations is that Todd Martin’s parents were negligent for not insuring that he warned the decedent of dangers associated with firearms.
9. Whether the Parents of Todd Martin Owe a Duty of Care to the Plaintiffs
“Whether a defendant has a duty of care to the plaintiff in the circumstances is a question of law for the court to be determined by reference to existing social values and customs and appropriate social policy.” O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000). Viewing the evidence in the light most favorable to the plaintiffs, it may be said that Todd Martin was aware that a handgun was removed from the Clark apartment by Matthew Morris and/or the decedent, that it was present in Matt’s room on the day in question, that it was inspected by Todd and Matt and returned to the floor,[1] and that it was picked up by the decedent moments before the fatal shot was fired. Furthermore, we may assume that Todd Martin knew the gun was a dangerous instrumentality and appreciated the risks associated with it. Finally, we may assume that Todd Martin and his parents had a knowledge of firearms and ammunition beyond that of the ordinary person who may not have any personal experience with firearms. Notwithstanding the tragic nature of this case, on these facts, neither Todd Martin nor his parents owed a duty of care to the decedent. The plaintiffs have failed to cite a single authority for the proposition that parents owe a duty of care to the friends of their children when their children and their friends are away from the parents’ home to see to it that their children warn their friends about the dangers associated with firearms. Such a principle would transform parents into virtual insurers of the safely and well being of their children’s friends wherever they might be. It would represent a burden of incalculable weight that no reasonable parent could carry. Our society does not expect parents to undertake responsibilities toward their own children, let alone the friends and acquaintances of their children, which are unreasonable. While Todd Martin may have had knowledge of the dangers of firearms that was superior to the decedent’s knowledge, the fact remains that a reasonable person such as the decedent is presumed to know that firearms are dangerous and that handling a firearm may cause injury or death. See Mann v. Cook, 346Mass. 174, 176-77(1963).[2]See also Luoni v. Berube, 431 Mass. 729, 730 n. 2 (2000) (social hosts not liable to guest injured by fireworks brought to *51 party and set off without hosts’ explicit permission). See generally Thorson v. Mandell, 402 Mass 744, 749 (1988); Young v. Atlantic Richfield Co., 400 Mass. 837, 842 (1987); Polak v. Whitney, 21 Mass.App.Ct. 349, 353 (1988).
10. Whether the Parents of Todd Martin Violated a Duty of Care to the Plaintiffs
The duty of care owed by parents who are aware of a child’s dangerous propensities arises if at all in circumstances in which the parents have an opportunity to take corrective measures.[3] There is no evidence in this case that the parents of Todd Martin had any knowledge that a firearm had been removed from the Clark apartment and was stored in Matthew’s room. See Sabatinelli v. Butler, 363 Mass. 565, 569 (1973).

ORDER

For the above reasons, the motion for summary judgment filed by Cynthia Martin and William Martin is ALLOWED.

There is no evidence in the record that Todd Martin knew that the firearm was loaded at the time the decedent picked it up.

Contraiy to suggestions made by the plaintiffs’ counsel at oral argument, there is no evidence in this case that Todd Martin had any role in storing the handgun removed from the Clark apartment, or in procuring or storing the ammunition that killed the decedent. There is no evidence that the bullet which killed the decedent came from the Martin’s home. See Reply Brief of Defendant Cynthia and William Martin 2-5.

There is no evidence in the record before the court that Todd Martin exhibited any dangerous propensities with respect to firearms or other weapons. See Reply Brief of Defendant Cynthia and William Martin 5-6.