NANCY L. LABRECQUE *vs.* JEFFREY M. PARSONS.

No. 08-P-392.

Worcester. November 13, 2008. - August 4, 2009.

Present: DUFFLY, SMITH, & MILLS, JJ.

*Divorce and Separation,* Modification of judgment, Child support. *Parent and Child,* Child support. *Practice, Civil,* Summary judgment.

In a mother's action for modification of a judgment of divorce nisi to seek child support, the judge erred in granting summary judgment in favor of the father, where the record reflected genuine issues of material fact regarding whether the parties' daughter was principally dependent on the mother for support and maintenance from the age of nineteen to twenty-one, and whether, after she had reached the age of twenty-one, she was principally dependent on the mother for maintenance due to the daughter's enrollment in a college program. [768-770]

Statement that, for purposes of determining the need for child support, a child's status as an unmarried mother does not render her emancipated as a matter of law. [770-771]

COMPLAINT for divorce filed in the Worcester Division of the Probate and Family Court Department on July 19, 1994.

A complaint for modification, filed on August 25, 2003, was heard by *Ronald W. King,* J., on a motion for summary judgment.

*Brian D. Widegren* for the plaintiff.

*Christine D. Anthony* for the defendant.

DUFFLY, J. A judge of the Probate and Family Court, acting on the father's motion for summary judgment, dismissed the plaintiff mother's complaint for modification of a divorce decree, in which she sought child support for the parties' daughter. The mother appeals, contending that (1) the judge erred in grounding his dismissal on the daughter's status as an unmarried mother; and (2) the facts material to a determination whether the daughter was dependent on the mother are disputed and summary judgment was improperly entered. We agree and vacate the judgment of dismissal.

1. *Background.* The record reflects the following uncontested background facts and procedural history. The parties were married in 1984 and had two children, a son and a daughter, Jill. The children were minors when the parties were divorced in 1995. Their separation agreement, which was incorporated and merged in the judgment of divorce nisi, provided that the parties would share joint legal custody of the children, with sole physical custody awarded to the mother and visitation granted to the father, who was obligated to pay child support. In January, 2002, the judgment was modified as to physical custody, so that the children would reside with the father during the school year and with the mother during the summer months.[1]

On August 25, 2003, the mother filed the complaint for modification that is the subject of this appeal. The complaint alleged as a change in circumstances that Jill had moved back to the mother's residence, and sought physical custody of Jill and child support from the father.[2] A temporary order entered February 12, 2004, that awarded physical custody of Jill to the mother and ordered the father to pay child support in the amount of $350 per week. This order was vacated on June 25, 2004, when Jill ceased to reside with the mother and moved in with her boyfriend's family.

In a motion for temporary orders dated February 3, 2006, the mother asserted that Jill (who had given birth to a son on January 31, 2006) had resumed living with her in September, 2005, and was attending Cape Cod Community College, and requested physical custody of Jill, child support, and an order that the father pay for Jill's college expenses. Jill, who was born September 21, 1986, would have reached her nineteenth birthday in September, 2005. That motion was denied.

Thereafter, on April 23, 2007, the father filed a motion for summary judgment supported by his affidavit; the mother countered with two affidavits of her own. On May 8, 2007, a judge granted the father's motion and dismissed the complaint

---

[1] On March 26, 2003, the court modified the child support provisions contained in the January, 2002, judgment pursuant to a stipulated agreement reached by the parties.

[2] The parties' son remained with the father and is not the subject of the proceedings.

for modification, stating in a margin endorsement that "[Jill] has a child, receives child support and has a family of her own. Any expense payment by the parents is purely voluntary and has been generous in the pa[st]." The mother timely filed a notice of appeal and the judge subsequently issued "findings of fact," summarizing the procedural history and setting forth certain fact "findings" and conclusions of law.

2. *Discussion.* The familiar principles that govern disposition of motions for summary judgment are applicable in the context of post divorce complaints for modifications. Rule 56(a) of the Rules of Domestic Relations Procedure provides that "[a] party may move for summary judgment subsequent to the commencement of any proceeding under these rules in actions for modification and actions to modify or enforce a foreign judgment." "The moving party, here the father, must 'affirmatively demonstrat[e] that there is no genuine issue of material fact on every relevant issue, even if he would have no burden on an issue if the case were to go to trial.' " *Department of Rev.* v. *Mason M.*, 439 Mass. 665, 674 (2003), quoting from *Pederson* v. *Time, Inc.*, 404 Mass. 14, 17 (1989). All evidentiary inferences are to be resolved in favor of the party opposing the motion for summary judgment. *Nunez* v. *Carrabba's Italian Grill, Inc.*, 448 Mass. 170, 174 (2007). "In deciding a motion for summary judgment, a court does not resolve issues of material fact, assess credibility, or weigh evidence." *J.F.* v. *J.F.*, 72 Mass. App. Ct. 782, 790 (2008), quoting from *Kernan* v. *Morse*, 69 Mass. App. Ct. 378, 382 (2007). See *R.S.* v. *M.P.*, 72 Mass. App. Ct. 798, 802 (2008). "Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment." *Cullen Enterprises, Inc.* v. *Massachusetts Property Ins. Underwriting Assn.*, 399 Mass. 886, 890 (1987), quoting from *Madsen* v. *Erwin*, 395 Mass. 715, 721 (1985).

We consider both the relevant legal issues to be decided and whether "there is no genuine issue of material fact and the moving parties are entitled to judgment as a matter of law." *Petrell* v. *Shaw*, 453 Mass. 377, 381 (2009), citing *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). It will be useful, at the outset, to summarize briefly the law applicable to modifications of child support obligations.

The mother asserts that as of September, 2005, when Jill was nineteen years of age, Jill was living with her and attending college. "The court may make appropriate orders of maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance." G. L. c. 208, § 28, first par., as amended by St. 1976, c. 279, § 1. The court may also order support for "any child who has attained age twenty-one but who has not attained age twenty-three, if such child is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance due to the enrollment of such child in an educational program." G. L. c. 208, § 28, first par., inserted by St. 1991, c. 173, § 1. "In determining whether to modify a support or alimony order, a probate judge must weigh all relevant circumstances." *Greenberg* v. *Greenberg*, 68 Mass. App. Ct. 344, 347 (2007), quoting from *Schuler* v. *Schuler*, 382 Mass. 366, 370 (1981).[3]

We agree with the mother that summary judgment should not have entered because the record reflects genuine issues of material fact regarding whether Jill was principally dependent upon the mother for support and maintenance from the age of nineteen to twenty-one, and whether, after she had reached age twenty-one, Jill was "principally dependent upon said parent for maintenance due to the enrollment of such child in an educational program." G. L. c. 208, § 28, first par.

These disputed facts include whether during the relevant time frame Jill was a full or part-time student at Cape Cod Community College, and whether, despite the father's assertions that he had voluntarily given money to Jill to assist her in a criminal legal matter and provided health insurance coverage for Jill and her infant, Jill remained principally dependent on the mother for

---

[3] A child support judgment generally "may be modified on a finding 'that a material and substantial change in the circumstances of the parties has occurred and the judgment of modification is necessary in the best interests of the children.' " *Brooks* v. *Piela*, 61 Mass. App. Ct. 731, 734 (2004), quoting from G. L. c. 208, § 28, as amended by St. 1985, c. 490, § 1. It does not appear to be disputed that there had been a material change in circumstances since the prior judgment entered in January, 2002, in that Jill had resumed living with the mother.

her support.[4] Although the record reflects that the mother does not contest certain of the father's assertions — including that the mother was self-employed and employed Jill, Jill had a child and the child's father was ordered to pay child support, and Jill was receiving student financial aid from Cape Cod Community College and Transitional Assistance benefits — there is nothing in the record that reflects the amount of any such income or benefits, or Jill's needs apart from those of her child. The record is also devoid of information regarding both the father's income and resources, and the income and resources of the mother.

In the context of modification proceedings, "a judge [must] proceed with great caution in deciding whether summary judgment is appropriate." *J.F.* v. *J.F.*, 72 Mass. App. Ct. at 791. The record does not permit the conclusion that, as matter of law, Jill is not principally dependent on the mother for her support. Summary judgment was thus not appropriate and we vacate the judgment of dismissal dated May 8, 2007, and remand for a trial.[5]

Because it figured significantly in the judge's decision to grant summary judgment in favor of the father, we take this opportunity to comment on the judge's consideration of the fact that "[Jill] has a child, receives child support and has a family of her own." To the extent that this reflects the judge's conclusion that Jill was emancipated by virtue of her having had a child, this was error.[6]

Though no Massachusetts case has addressed this specific is-

---

[4]In two affidavits the mother averred, among other things, that Jill's "Transitional Assistance benefits [were] offset by child support paid to her by her child's father"; Jill was a full-time student; that the mother provided Jill with a home, food, and gas money; that Jill was dependent on the mother for her financial support and the support she received from the government and the infant's father did not "cover the costs associated with the care of Jill's son"; and that the mother hired Jill to help her before and after school and, with the money she earned, Jill paid her own car payments and credit card bills.

[5]On remand, the judge should, among other relevant factors, consider the extent to which child support and governmental benefits received by Jill were to provide for her son's needs, and if for the benefit of her son they should not be included in the consideration whether Jill is principally dependent on her mother.

[6]"Although often used in our decisional law, the word emancipation does

sue, there is nothing in our statutory scheme relative to the issue of support, or in our decisional law, on the question what constitutes emancipation that supports the conclusion that a child, who is otherwise not emancipated, becomes emancipated as matter of law when she gives birth to a child. This view is consistent with that of other States that have considered the question.[7] See, e.g., *Wulff* v. *Wulff*, 243 Neb. 616, 623 (1993) (giving birth "one factor" in determining whether minor has achieved status "inconsistent with parental control," but is not dispositive); *French* v. *French*, 599 S.W.2d 40, 40-41 (Mo. Ct. App. 1980) (unmarried daughter attending college not emancipated following birth of child and receipt of payments for aid to families with dependent children); *Griffin* v. *Griffin*, 384 Pa. Super. 188, 198-199 (1989) (where child support statutes do not limit child support to minor children, college student who has had child should not, for that reason alone, be treated differently for purposes of child support for educational expenses).[8] "[T]he fact that a daughter in these circumstances is receiving some financial assistance, either public or from the father, for her child or is working part-time to contribute to her and the child's expenses while attending college is of no moment in the emancipation determination." *Filippone* v. *Lee*, 304 N.J. Super. 301, 309 (App. Div. 1997). We conclude that the child's status as an unmarried mother does not render her emancipated as matter of law.

not appear in statutes authorizing courts to make provision for the support of children. ' "Emancipation" is a legal term of art that relates to the cessation of rights and duties between parent and child. . . . "*Whether* an emancipation has occurred is a question of fact . . . . *What* constitutes emancipation, however, is a question of law." ' " *Tatar* v. *Schuker*, 70 Mass. App. Ct. 436, 442 n.10 (2007) (citations omitted).

[7]It is also consistent with the American Law Institute's Principles of the Law of Family Dissolution: Analysis and Recommendations (2002), which in § 3.12 discusses support for "life opportunities" such as "postsecondary education and vocational training," and which comments that "[§] 3.12 support should not be denied on the ground that the child is emancipated for reasons other than the attainment of majority. . . . However, a parent should not be required to provide § 3.12 support for anyone other than the parent's own child, such as a spouse or grandchild." *Id.* at § 3.24 comment f.

[8]See also *In re Marriage of Clay*, 670 P.2d 31, 31-32 (Colo. Ct. App. 1983); *Doerrfeld* v. *Konz*, 524 So. 2d 1115, 1116-1117 (Fla. Dist. Ct. App. 1988); *Hicks* v. *Fulton County Dept. of Family & Children Servs.*, 155 Ga. App. 1, 1-2 (1980).

3. *Conclusion.* The judgment dated May 8, 2007, dismissing the complaint for modification is vacated and the matter remanded for trial and such further proceedings as may be consistent with this opinion.[9]

*So ordered.*

---

[9]The father's request for appellate attorney's fees and costs is denied.