Troy, Paul E., J.
The plaintiff, The Travelers Indemnity Company of America (“Travelers”), as subrogee of Canal Place Condominium Trust, brought this negligence action to recover damages stemming from property damage resulting from a fire. Travelers claims that defendants, David McKay d/b/a McKay Construction (“McKay”) and Minh Tan Kim d/b/a Kim’s Hardwood Floor Service (“Kim”), negligently caused the fire, which resulted in substantial water damage to the insured property. This case is before the court on McKay and Kim’s (collectively “the Defendants”) motions for summary judgment pursuant to Mass.R.Civ.P. 56. For the following reasons, the Defendants’ motions are DENIED.
BACKGROUND
The following undisputed facts are taken from the summary judgment record.
Canal Place Condominium (“Canal Place”) is a residential condominium located at 200 Market Street, Lowell, created by a Master Deed dated October 20, 1987. Canal Place Condominium Trust (“Condominium Trust”) is a condominium trust created by a Declaration of Trust dated October 27, 1987. Pursuant to the Declaration of Trust, the trustees of the Condominium Trust have the authority to manage the trust on behalf of the individual owners of the units of Canal Place (“Unit Owners”).
According to Section 5.5 of the Condominium Trust’s By-Laws, contained in the Declaration of Trust, the trustees must obtain and maintain a “multiperil type insurance policy” which would insure, without limitation, the following:
common areas and facilities, all of the units with all fixtures, additions, alterations and improvements thereof, but not including (i) any furniture, furnishings, household and personal property belonging to and owned by the individual Unit Owners, or (ii) improvements within a Unit made by the Owners thereof subsequent to the first sale of such Unit by the Declarant of said Master Deed, as to which it shall be the separate responsibility of the Unit Owners to insure.
Accordingly, on or before March 1, 2007, the trustees, acting on behalf of the Condominium Trust, acquired property insurance from Travelers. Travelers’ Policy No. I-680-6759B090-TIA-07 (“the Policy”) was effective March 1, 2007 through March 1, 2008.
The Declaration of Trust further provided that upon application by Unit Owners, the trustees could authorize the connection of multiple units for the purpose of single occupancy. On or about December 30, 2005, Kirk Birrell and Susan Birrell (collectively “the Birrells”) acquired ownership of Unit 608 at Canal Place; thereafter, on or about Januaiy 20, 2006 they acquired ownership of Unit 609 at Canal Place. The Birrells then petitioned the trustees for permission to combine both units.
On July 22, 2006, the trustees provided the Birrells with a Grant of Permission to combine the units for single occupancy use pursuant to Article V, §5.3(c) of the Declaration of Trust. Neither McKay nor Kim was a party to the Grant of Permission contract. The Grant of Permission included architectural plans and specifications relative to the combination of the units. Additionally, it contained the following with regard to insurance arrangements:
16. The Unit Owners, and/or their agents, servants, and/or employees, agree to maintain during all applicable construction periods, insurance in such amounts and forms as is acceptable to the Board of Trustees or amounts required by law, whichever coverage is greater . . .
Certificates of Insurance acceptable to the Trustees shall be filed with the Trustees prior to the commencement of the work. To the extent possible, the Trustees shall be named as additional insured on said Certificate and m the underlying policies . . .
Waiver of Subrogation. The Trustees and Unit Owners [the Birrells] waive all rights against (1) each other and any of their contractors, subcontractors, sub-subcontractors, agents and employees, each of the other ... for damages caused by fire or other perils to the extent covered by property insurance obtained pursuant to this Paragraph, if any, or other properly insurance applicable to the work, except such rights as they have to proceeds of such insurance held by the Trustees as fiduciary.
The Birrells did not purchase any insurance specifically for “the work” pursuant to Paragraph 16; however, they did submit a Certificate of Liability Insurance to the trustees listing McKay as the insured and “Canal Place Condos c/o Royal Management” as the certificate holder. A though “the work” is not specifically defined in the Grant of Permission contract, the parties agree that “the work” references the work to be done to combine Units 608 and 609, as that was the purpose of the Grant of Permission contract. McKay hired various individuals and entities on behalf of the Birrells to perform work in connection with the combination of the units, including Kim who was hired to perform hardwood flooring work.
On or about March 1, 2007, a fire occurred in Unit 608 and/or Unit 609 at Canal Place. Pursuant to its Policy with the Condominium Trust, Travelers made payments to or on behalf of its insured for damages *563 covered under the Policy resulting from the subject loss totaling $1,151,501.00. Travelers now seeks to recover those payments from the Defendants.
DISCUSSION
Standard of Review
Summaiy judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and responses to requests for admissions . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Mass.R.Civ.P. 56(c). A party cannot rest on conclusoiy statements or bare assertions in opposing a motion for summary judgment. LaBrecque v. Parsons, 74 Mass.App.Ct. 766, 768 (2009). A dispute is genuine where a reasonable finder of fact could return a verdict for the nonmoving party. Flesner v. Tech. Comm. Corp., 410 Mass. 805, 809 (1991). A fact is material if it is relevant to the outcome of the case. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006). Whether a given fact is material will usually depend on the intersection between the facts alleged and the substantive law of the claims at issue. Id. When assessing the record on summaiy judgment, the facts are viewed in the light most favorable to the nonmoving party. Terra Nova v. Fray-Witzer, 449 Mass. 406, 411 (2007).
Waiver of Subrogation
Travelers alleges that the cause of the fire in Unit 608 and/or 609 was the spontaneous combustion of a bag containing sawdust and rags that Kim and/or his employees left behind, and that as a result of this fire, five other sprinkler heads within Canal Place were activated, causing water damage to other parts of the building. The Defendants assert that the presence of a valid waiver of subrogation in the Grant of Permission contract bars Travelers’ negligence claims. Travelers opposes summary judgment and contends that there was no waiver of subrogation applicable to its claims and that nothing in the summaiy judgment record indicates that the Travelers Policy was applicable to the work in question.
In general, Massachusetts law recognizes waivers of subrogation in construction contracts. See, e.g. Haemonetics Corp. v. Brophy & Phillips Co., Inc., 23 Mass.App.Ct. 254, 257-58 (1986). However, when it is so indicated, waivers of subrogation are only enforceable with respect to the insurance obtained pursuant to the construction contract or existing insurance applicable to the construction. Amica Mutual Insurance Co. v. Bergmeyer Assoc., Inc., No. 05-4143, 2008 WL 526032, *5 (Mass.Super. Jan. 4, 2008) [23 Mass. L. Rptr. 557]. “A waiver of subrogation is useful in such projects because it avoids disruption and disputes among the parties to the project. It thus eliminates the need for lawsuits, and yet protects the contracting parties from loss by bringing all property damage under the all risks builder’s property insurance.” Haemonetics, 23 Mass.App.Ct. at 258, citing Tokio Marine & Fire Ins. Co., Ltd. v. Employers Ins. of Wausau, 786 F.2d 101, 104 (2d Cir. 1986). In such cases, the subrogee stands in the shoes of the subrogor possessing equivalent rights, the rights of the subro-gee being no greater than those of the subrogor. Liberty Mut. Ins. Co. v. Nat’l Consol. Warehouses, Inc., 34 Mass.App.Ct. 293, 297 (2003), citing Home Owners’ Loan Corp. v. Baker, 299 Mass. 158, 162 (1937).
In the instant case, the Grant of Permission dictates that subrogation claims cannot stand where the damage at issue is covered by (1) property insurance obtained pursuant to Paragraph 16; or (2) “other property insurance applicable to the work.” Given that the parties concede that the Birrells did not obtain property insurance pursuant to Paragraph 16 of the Grant of Permission, the question is whether or not Travelers’ Policy with the Condominium Trust constitutes “other property insurance” applicable to the work.
Defendants argue that Travelers’ Policy, which paid the claim at issue, fits squarely within “other property insurance applicable to the work,” since it provided coverage for property damage arising out of the work performed pursuant to the Grant of Permission. The Defendants further assert that by paying the claim, which they allege included payments for improvements made during the course of the renovation of Units 608 and 609, Travelers waived any argument that the Policy does not apply to the work. Additionally, the Defendants argue that the Travelers Policy acknowledged the Trusts’ ability to waive Travelers’ right to subrogation on its behalf. The Travelers’ Policy provides, in pertinent part:
If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us in the extent of our payment. That person or organization must do everything necessary to secure our rights and must do nothing after loss to impair them. But you may waive your rights against another party in writing:
a. Prior to loss to your Covered Properly or Covered Income . . .
The Defendants claim that the Grant of Permission (containing the waiver of subrogation) was clearly entered into prior to the loss and therefore Travelers acknowledged that the Condominium Trust had waived Travelers’ subrogation right to recover from the contractors. The Defendants rely on the Appeals Court decision in Haemonetics to support this contention.
In Haemonetics, a building owner contracted for the construction of a mezzanine level in its building with the defendant general contractor. 23 Mass.App.Ct. at 254. During construction a fire occurred on the building owner’s premises causing damage to its property. Id. at 255. The building owner’s preexisting “all risk” *564 insurance policy, which remained in effect up until and including the date of the fire, covered the losses and the owner recovered $486,392.00. Id. at 256.
The insurer, exercising its subrogation rights, then pressed the claims of the building owner against the contractors alleging negligence and seeking recovery for the damage. Not unlike the Birrells, the building owner in Haemonetics did not obtain insurance specifically limited to the protection of “the Work.” Instead, the building owner chose to comply with provisions of the construction contract with his preexisting insurance, even though it may have been more extensive than what was required. Id. at 257.
The Appeals Court granted summary judgment in favor of the defendant contractor because it found that the building owner had waived its right to recover from the contractors in the construction contract between the parties. The court held that when the insurance company issued its policy, it contained a provision making reference to the possibility of a waiver by the owner of its subrogation rights and therefore, the result should have come as no surprise to the insurance company, the real party in interest. Id. at 258. Defendants argue that the same circumstances in Haemonetics are present in the instant case— Travelers’ Policy specifically contemplated the possibility of subrogation rights being waived by the insured and that right was in fact waived by the Trust. The facts in Haemonetics, however, are distinguishable from the present matter.
In Haemonetics, it was the building owner who had the preexisting insurance policy, whereas in the instant case the trustees, as fiduciary for the Condominium Trust, had the preexisting insurance policy through Travelers. The Condominium Trust had no contractual obligation to obtain insurance covering the work, McKay, or Kim because it was not the owner of the two units and did not enter into a construction contract with the Defendants.
Travelers contends that the Grant of Permission does not apply to its claims against the Defendants because its Policy, consistent with the Condominium By-Laws, did not apply to the work as described in the Grant of Permission. Pursuant to Section 5.5 of the Condominium By-Laws, the trustees were not authorized to obtain insurance for improvements to the units made by the unit owners, such as the Birrells. Travelers’ Policy Endorsement, MPTI 03 02 05, excluded from coverage “improvements” or “alterations” to the building unless the Declaration of Trust required that the improvements be insured. Consequently, Travelers argues that its Policy did not cover the work to which the Grant applied, because the work was an improvement to the units being made by the unit owners, and the Declaration of Trust excluded such improvement or alterations from coverage. Travelers contends that it did not make payments for any improvements made to Units 608 and 609 as part of the work to combine the units. Thus, Travelers maintains that it only paid for damage within Units 608 and 609 to return the condominium and fixtures to their pre-renovation work condition.
Defendants dispute this contention and argue that the work performed was not an “improvement,” but rather an “addition under construction” and/or an “alteration to the building or structure,” which is covered by the Travelers Policy. According to the Policy, “Covered Property,” as used in the Property Coverage Special Form, includes:
a. Building[s], meaning the building[s] or structure[s] described in the Declaration, including:
(8.) If not covered by other insurance:
(a.) Additions under construction, alterations and repairs to the building or structure . . .
Furthermore, Defendants maintain that Travelers made payments for property damage arising out of the work performed to combine units 608 and 609, including payments for damage to work that was performed in connection with the combination of those units that did not exist at the time of the first sale of those units. As such, the Defendants argue that Canal Place’s property insurance with Travelers is “other property insurance applicable to the work” within the meaning of the Grant of Permission.
It is unclear from the face of the Grant of Permission, Travelers’ Policy and the conflicting evidence in the summary judgment record what the extent of the Travelers Policy was in relation to the work in question and what payments made by the Policy, if any, paid for damage in connection with the work. When the terms of a contract are uncertain and ambiguous, any determination of the parties’ intent is best left for a jury, and is not an appropriate issue for summary judgment. See Seaco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002) (internal citations omitted) (stating, “(i]f a contract... is unambiguous, its interpretation is a question of law that is appropriate for a judge to decide on summary judgment... Where, however, the contract... has terms that are ambiguous, uncertain, or equivocal in meaning, the intent of the parties is a question of fact to be determined at trial”); see also Madden v. Estin, 28 Mass.App.Ct. 392, 395 (1990) (stating that summary judgment is inappropriate when a “demanding exploration of all the circumstances” is needed to determine contracting parties’ intent). Hence, summary judgment must be denied because there is a genuine issue of material fact as to whether Travelers’ Policy covered the combination of Units 608 and 609 and/or the subsequent damage related to that combination.
ORDER
It is hereby ORDERED that the defendants’ motions for summary judgment pursuant to the MassR.Civ.P. 56 are DENIED.