Ricciardone, David, J.
INTRODUCTION
The plaintiff moves for judgment as to liability only in her claims against the defendant truck driver and his employer which are based on a motor vehicle *359 accident involving a rear-end collision. For reasons that follow, the motion is ALLOWED.
BACKGROUND
The relevant facts of this matter are capable of brief summary; where any fact is disputed, they will be viewed in a light most favorable to the defendants.[1] Attorney General v. Bailey, 386 Mass. 367, 371 (1982).
On May 10, 2007, the plaintiff was driving her vehicle and exiting the Massachusetts Turnpike at the Worcester/Auburn exit. As she was slowing down to drive through a “Fast Lane,” a truck operated by the individual defendant “Francisco,” and owned by the corporate defendant “Logistics,” struck the left rear comer area of her car. The plaintiff claims injury as a result. Francisco was acting in the scope of his employment with Logistics at the time of the collision.
In her deposition, the plaintiff testified that there was a minivan to her left before the collision and gave these details.
Q. Did the minivan come to go in the same lane that you were — Fast Pass lane that you were going to be using?
A. No. I was trying to go through Fast Pass; he wasn’t. I don’t think he — he didn’t have Fast Pass. The minivan didn’t have Fast Pass. See, I was going through here, and he went there.
Q. So he was going to a toll booth to the right—
A. Yes.
Q. — of the one you were going to go through?
(Plaintiffs deposition, page 26, lines 15-24.) In her answers to interrogatories, the plaintiff stated, consistent with the above testimony, that she had begun slowing down as she was approaching the toll booth when a vehicle in front of her switched lanes and she further “slowed down to stay a safe distance” and “(a]t that time, my vehicle was struck.” (Plaintiffs Answers to Interrogatories, No. 3.)
Additionally, Francisco failed to answer the Plaintiffs Request for Admissions which included the following.
11. At the time of the collision on May 10, 2007, there were no obstructions to my view of the plaintiffs automobile;
12. I know of no facts that would support a claim of comparative or contributory negligence on the part of the plaintiff in this collision.
DISCUSSION
1. Standard
A motion for summary judgment shall be granted if admissible evidence “show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R-Civ.P. 56(c). The moving party must affirmatively demonstrate that there are no genuine issues of material fact in dispute. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “This burden . . . maybe satisfied by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Comm. Corp., 410 Mass. 805, 809 (1991). In response, the nonmoving party “must set forth sufficient facts showing that there is a genuine issue for trial.” Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 728 (1989), quoting Mass.R.Civ.P. 56(e). A party may not rest on “conclusory statements, general denials, and factual allegations not based on personal knowledge” in opposing a motion for summary judgment. LaBrecque v. Parsons, 74 Mass.App.Ct. 766, 768 (2009).
This court recognizes that summary judgment is seldom granted in negligence actions because, ordinarily, the question of negligence is one of fact. Manning v. Nobile, 411 Mass. 382, 388, 582 N.E.2d 942 (1991); Foley v. Matulewicz, 17 Mass.App.Ct. 1004, 1005, 459 N.E.2d 1262 (1984). This rule, however, is not absolute. See, e.g., Aylward v. McCloskey, 412 Mass. 77, 78, 587 N.E.2d 228 (1992) {summary judgment appropriate for negligence claim in absence of evidence); Pridgen v. Boston Hous. Auth., 364 Mass. 696, 705, 308 N.E.2d 467 (1974) (action of housing authority not negligent as a matter of law).
2. The Negligence Claim
Francisco’s failure to answer the plaintiffs requests for admissions here results in his admitting the requests. Mass.Rof Civ.Pro.R. 36(a). This “conclusively establishes” those matters contained in the admissions, including liability. Rule 36(b). In spite of this, I do not rule on this motion solely because of the failure to respond to admissions.
The defendants contend that there is a genuine issue of material fact concerning the plaintiffs comparative negligence. They argue that she was comparatively negligent for “stopping suddenly” in response to the minivan’s lane change, “forcing her to quickly slow her vehicle.” (Defendants’ Memorandum of Law in Support of their Opposition, p. 2, and Defendants’ Supplemental Statement of Undisputed Facts, No. 14.)
The problem with this position is that it is pure argument unsupported by the facts of the record here. The plaintiffs consistent description of the accident in interrogatories and her deposition testimony shows that she was in the process of slowing down for the toll booth when another car changed lanes in front of her, a routine and foreseeable occurrence in the convergence of lanes in such areas. Contrary to the defendants’ assertions, the record here does not support a finding that she stopped short, or otherwise failed to use due care under the circumstances. The rejection of this evidence from the plaintiff amounts to an attack on her credibility, unsupported by demonstrable facts, which can not play a part in deciding the motion before the court. “[A] mere challenge to the credibility of a movant’s witnesses without any supporting evidence” will not do, Moreau v. Local Union *360 No. 247, Int’l Brotherhood of Firemen and Oilers, AFL-CIO, 851 F.2d 516, 519 (1st Cir. 1988), any more than “(c]onclusoiy statements" and “general denials” will do. Cullen Enterprises, Inc. v. Massachusetts Prop. Ins. Underwriting Ass’n., 399 Mass. 886, 890 (1987).
Conversely, the evidence here allows the inference that if Francisco had merely kept a proper lookout upon approaching the toll booth area, maintained proper spacing between his vehicle and other traffic approaching the area, or kept his speed to that which was reasonable under all the circumstances, the rear end collision would have been avoided. See, Olofson v. Kilgallon, 362 Mass. 803, 806 (1973), and cases cited. See also, 720 C.M.R. 9.06(7) (Following Too Closely) and 720 C.M.R. 9.06(9) (Care in Starting, Stopping • • •)
Here, it is appropriate to allow summary judgment because “no rational view of the evidence permits a finding of negligence” against the plaintiff driver. Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949, 631 N.E.2d 559 (1994) (citations omitted).
3. The Vicarious Liability Claim[2]
Since Francisco was operating Logistics’ truck and was in the course of his employment at the time of the collision, as admitted by Logistics, there is no genuine issue of material fact as to the vicarious liability of the corporate defendant Logistics for the tortious conduct of its employee, Francisco, under the doctrine of re-spondeat superior. “(A]n employer, or master, should be held vicariously liable for the torts of its employee, or servant, committed within the scope of employment.” Dias v. Brigham Med. Assocs., Inc., 438 Mass. 317, 319-20, (2002). See, Restatement (Second) of Agency §228 (1958), and G.L.c. 231, §85A.
CONCLUSION AND ORDER
For all of the above reasons, the plaintiffs motion for partial summary judgment is ALLOWED. Judgment will enter for the plaintiff as to liability only on Counts I and II of the Amended Complaint.

There was no consolidated statement of facts here pursuant to Rule 9A(b)(ii). The facts in the text are gleaned from the parties’ separate statements (unless otherwise noted), and are largely not in dispute.

A third count against the corporate defendant’s insurer was previously dismissed. See paper #8.